Tilghman C. J.
This is an indictment for a forcible entry into and detainer of the land, &c., of William Work; or rather it was intended so to be; for there was an omission of some material words with respect to the entry, by reason of which the indictment was defective. The jury found the defendants not guilty, and directed that the prosecutor William Work should pay the costs of prosecution ; whereupon the court gave judgment against Work for the costs. The verdict and judgment were founded on the act of 8th December 1804, entitled “ an act to regulate the payment of costs on indictments.” By this act it is enacted, that in all '^prosecutions, cases of felonf only excepted, if the bill of indictment shall be returned ignoramus, the grand jury shall decide, and certify on such bill, whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittal by the petit jury, on indictments for the offences aforesaid, the jury trying the same shall determine by their verdict, whether the county or the prosecutor or the defendant shall pay the costs of prosecution ; and in case they direct the prosecutor to pay the costs, they shall name him in their verdict. In this case, the jury acquitted the defendants, and ordered the prosecutor, whom they named, to pay the costs. It falls within the words of the law, but it is contended, by the counsel for William Work, that no offence being charged in the indictment, the case is not within the spirit of it, because a defective indictment is to be considered as no indictment. There certainly was a prosecution carried on, to which the defendants were obliged to appear and make their defence. The trouble and expense were the same to them, as if the indictment bad been good. If they really were guilty of no offence, the name of the commonwealth was used for an oppressive purpose; and why should the county be subject to costs ? It seems to be rather an aggravation of the prosecutor’s conduct, that he procured an indictment against the defendants for a matter which was no offence. That this case was intended to be comprehended in the act, may be clearly understood from the pre *180 amble, wherein it is declared, that the laws obliging the respective counties to pay the costs of prosecution in all criminal cases, where the accused are acquitted, have a tendency to promote litigation, by enabling restless and turbulent people to harass the peaceable part of the community with trilling, unfounded or malicious prosecutions at the expense of the public. In an action for a malicious prosecution on a bad indictment, the same kind of argument was set up which has been used in this case. It was said that the action ought not to lie, because the party prosecuted was in no danger, as the court were bound to give judgment in his favor. But in the case cited from 2 Stra. 691, it was decided, that the action was supportable, because the accused person was put to the costs and trouble of defending himself. It may be said perhaps, that the defendants have escaped by accident and not *on a trial of the merits; but of this we know nothing. They pleaded not guilty, and the jury have so found them. The jury had a right, if they thought proper, to make the county pay the costs; but they have thrown them on the prosecutor, from which we must conclude that they thought the prosecutor to blame. 'Whether we look to the words or spirit of the act of assembly, I am satisfied that the case is within it. I am therefore of opinion that the judgment should be affirmed.
Yeates J.
I am clearly of opinion that the present case is within the plain words and meaning of the act of assembly of 8th December 1804, and entirely concur in the opinion delivered by the Chief Justice for the reasons he has assigned.
Brackenridge J.
An indictment is a finding by a grand jury of something done against the peace and dignity of the commonwealth. It is not the less a finding, because the matter found has not been done, or if done is not a public offence. It is the more wanton in him at whose instance it has been pursued in this form, and comes within the terms and meaning of the act which subjects him to the costs of prosecution. Every man is supposed to know the law both civil and criminal. Every one who complains of an injury, must he supposed to have judged in the first instance whether it is a wrong to the public, or to himself only ; and though it may be his mistake in applying to a magistrate, or the mistake of the magistrate in taking cognizance of the matter as a crime, or of the attorney for the state in sending up such a bill, or of the grand jury in finding such a matter *181 to be against the peace and dignity of the commonwealth, or the error of the court in not quashing if such a motion were made, yet all these mistakes or errors are in contemplation of law the mistakes and errors of him whose the complaint was in the first instance, and who has pursued it in this course. The costs fall upon him, and this principle is founded in .reason and general convenience. It is the policy of the law, even though it be the mistake or error of the officers of justice. The judgment of the Quarter Sessions therefore must be affirmed.
Judgment affirmed.
[Cited in 4 S. & R. 129 ; 17 S. 208.]