# APPENDIX.

A few cases accidentally omitted in their proper places, are here introduced.

## THE COMMONWEATH *against* the Commissioners of HUNTINGDON county.

### MANDAMUS.

*Where an indictment for perjury is returned "a true bill" and is afterwards quashed at the instance of the Attorney General, and a second indictment for the same crime is returned "ignoramus, the costs to be paid by the county," the county is not liable for the costs upon the bill which has been quashed.*

THIS was a rule to shew cause why a mandamus should not issue commanding the commissioners of *Huntingdon* county to draw an order on the treasurer of said county for the payment of a bill of costs in the case of the *Commonwealth* v. *Parkes.*

It appeared that at *January* sessions 1822 of the Quarter Sessions of *Huntingdon* county, *Parkes* was indicted for perjury, and the grand jury found "a true bill." The indictment was continued until *August* sessions 1822, when it was quashed at the instance of the Attorney General. At the same sessions another bill of indictment for perjury was preferred against *Parkes.* The grand jury returned the bill "*Ignoramus*" the county to pay the costs.

*Crawford* for the commissioners stated, that his clients were willing and had never refused to pay the costs on the bill returned *ignoramus*, but they did not consider the county liable for costs on the bill which had been quashed by the Attorney General. He cited 1 *Chitty C. L.* 672. *Irwin* v. *Commissioners of Northumberland county,* 1 *Serg. & Rawle,* 505. 6 *Laws of Penn.* 229, note. *Agnew* v. *Commissioners of Cumberland County,* 12 *Serg. & Rawle,* 94.

*Burnside,* contra, referred to act of 23 *September,* 1791. *sec.* 11. 13, 3 *Sm. L.* 43. act of 20th *March* 1797. 3 *Sm. L.* 281. act of 8th *December,* 1804. 4 *Sm. L.* 204. act of 28th of *March,* 1805. 4 *Sm. L.* 235. act of 28th of *March,* 1814. *Purd. Dig.* 281. act of

(Commonwealth *v.* Commissioners of Huntingdon County.)

29*th* of *March,* 1819. *Purd. Dig.* 53. *Commonwealth* v. *Commissioners of Philadelphia County,* 4 *Serg. & Rawle,* 541.

The opinion of the court was delivered by

TILGHMAN, C. J.—This case comes before us as a rule on the commissioners of *Huntingdon* county, to show cause why a *mandamus* should not issue, commanding them to draw an order on the treasurer, for payment of costs in the case of the *Commonwealth* against *John Parkes,* in the court of Quarter Sessions of *Huntingdon* county.  It appears that there were two indictments against *Parkes :* one in which a bill was found at *January* sessions, 1822, and quashed at *August* sessions, 1822, at the instance of the attorney general ; the other, sent to the grand jury at *August* sessions, 1822, and returned " *Ignoramus,* the costs to be paid by the county." The commissioners are willing, and have never refused to pay the costs on the *Ignoramus* bill, but contend that the county is not liable to costs on the bill which was quashed.  The two bills are distinct prosecutions, and the grand jury could only say who should pay the costs on that which was before them ; the question, therefore, of costs, on the bill which was quashed, must be considered without reference to the decision of the grand jury in that which was returned " *Ignoramus.*"  At common law, the commonwealth, or the county, are not liable to costs. It requires an act of assembly, therefore, to make them liable.  But I think no such act has been shown on this occasion.

By the act of the 8th of *December,* 1804, (4 *Sm. L.* 204. *Purd. Dig.* 357,) in all prosecutions, cases of felony excepted, if a bill of indictment be returned " *Ignoramus,*" the grand jury shall decide whether the county or the prosecutor shall pay the costs of prosecution ; and in all cases of acquittal by the petit jury, on indictments for the offences aforesaid, the jury shall determine whether the county, or the prosecutor, or the defendant shall pay the costs.  But the present case does not fall within either of these provisions, because here was neither an acquittal by the petit jury, nor a bill returned *ignoramus.*  The bill was found, and then the indictment quashed.  It was contended that the case was embraced by the fee bill of the 28th of *March,* 1814. *sec.* 13. (*Purd. Dig.* 281.) by which it was enacted, "That in case of a *conviction,* all costs shall be paid by the party convicted, but where such party *shall have been discharged according to law, without payment of costs,* the *costs shall be paid by the county.*"  But it is clear, that the latter part of this clause, by which the costs are thrown on the county, is confined to the case mentioned in the beginning of the same clause, *viz.* the case of a *conviction.* Assuming it as a principle then, that the county is not subject to costs unless made so by an act of the legislature, and no act to that effect having been shown in the present instance, I am of opinion that the rule to show cause &c. should be discharged.

Rule discharged.