Messrs. *Marr* and *J. W. Ryon*, for exceptants ; Messrs. *Spinney* and *Haughawout*, contra.

---

*Twenty-first Judicial District.*

# In the Common Pleas of Schuylkill County.

## JOHN ZINK *v*. COUNTY OF SCHUYLKILL.

1. A party who was charged with larceny was discharged without a trial, the district attorney having entered a *nolle prosequi*, with the leave of the court. A witness subpoenaed by the commonwealth, who was refused payment of his fees, brought suit to recover them against the county. *Held*, that in the absence of any statute imposing an obligation on the county to pay the costs, it was not liable.

2. That the justice had no jurisdiction.

Certicrari.

Opinion delivered June 9, 1873, by

PERSHING, P. J. One Joseph Fordman, was held for his appearance in the quarter sessions of Schuylkill county, on a charge of larceny. The case was not tried, but terminated in a *nolle prosequi* being entered by the district attorney. In the commissioners' docket it is stated that the county was to pay the costs. The plaintiff claimed pay from the county commissioners as a witness for the commonwealth, for ten days attendance, and mileage from Saint Clair. The commissioners believing the county was not liable, refused to pay, whereupon plaintiff brought suit before Justice Frailey, when he claimed pay for seven days only, at 75 cents per day, and no mileage. The justice gave a judgment against the county for $4.25. As there was no remedy by appeal, a certiorari was issued by the county, in answer to which, the proceedings of the justice are before us for review.

Is the county liable for these costs? If it is, it must be by virtue of some statute which makes it obligatory on the county to pay them, and

we can find none which requires this. The recovery and payment of costs in criminal cases, are so entirely dependent on statutory regulations in Pennsylvania, that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims. His claim against the county having no foundation in statute, is baseless. Costs are not given in criminal cases by the common law, and county commissioners have no authority to pay them, except in the specific circumstances prescribed by the legislature. County of Franklin *v.* Conrad, *12* C. 318. Costs accruing on bills of indictment charging a party with felony, shall, if such party be acquitted by a petit jury on a traverse of the same, be paid out of the county stock by the county in which the prosecution commenced. Act of 20 March, 1797. A *nolle prosequi* does not operate as an acquital of the defendant, for he may be re-indicted. Agnew *v.* Commissioners of Cumberland County, 12 S. & R. 94. In this last case an indictment had been returned a " true bill " by the grand jury, and after several continuances, on application of the prosecuting attorney, a *nolle prosequi* was entered, with the consent of the court, the county for costs. The county commissioners refused to pay John Agnew, a witness for the commonwealth, his bill of costs. He brought suit, and the question was taken to the supreme court, where it was said by Justice Duncan : "The entry of the *nolle prosequi,* county for costs, is not the mandate, judgment, decree or order of the court of quarter sessions, but of the attorney general. The concurrence or consent of the court did not make it their judicial act; therefore the commissioners were not bound by it. And as there is no act of assembly directing the county to pay these costs, the plaintiff is not entitled to recover."

And so in the case of the Commonwealth *v.* The Commissioners of Huntingdon County, 3 R. 487, where an indictment for perjury was returned a "true bill," and afterwards quashed on the motion of the attorney general, and a second indictment for the same crime returned "*ignoramus,* the costs to be paid by the county," the county was held not liable for costs on the bill quashed, as there was no statute which imposed the costs in such a case, whilst the act of 8 December, 1804, gave the grand jury, in returning a bill " ignoramus," the power to decide whether the county or the prosecutor should pay the costs of prosecution. It is unnecessary to multiply authorities. It is well established that statutes which give costs are not to be extended beyond the letter, but are to be construed strictly. 4 Bin. 194; 4 S. & R. 129; 5 S. & R. 344. In addition to the absence of any statutory liability on the part of the county to pay these costs, it has been held that a justice of the peace has no jurisdiction in an action brought by a witness for his fees in a criminal case. 1 W. & S. 259. For these reasons the proceedings before the justice of the peace are reversed.

*J. Wright,* Esq., for plaintiff; *F. W. Bechtel,* Esq., for defendant.