IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

Summary Calendar
No. 06-30304

United States of America, ex rel, RONALD K BAIN

Plaintiff - Appellant

v.

GEORGIA GULF CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
No. 3:01-CV-562

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Ronald K. Bain appeals the district court's order awarding attorneys' fees to defendant-appellee Georgia Gulf Corporation on the basis that Bain's False Claims Act suit was frivolous or vexatious. Finding no abuse of discretion, we AFFIRM.

**I. BACKGROUND**

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The facts underlying this litigation have previously been set forth in a prior opinion of this court, see United States, ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648 (5th Cir. 2004), and will not be repeated here. A discussion of the procedural background, however, will provide the relevant context for the question presented here.

Pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., plaintiff-appellant Ronald K. Bain filed an original complaint under seal on July 13, 2001 against his former employer, Georgia Gulf Corporation ("Georgia Gulf"). The original complaint sought to establish a reverse false claim under § 3729(a)(7) of the FCA. When the United States declined to intervene on November 8, 2001, the district court unsealed the complaint, and it was served on Georgia Gulf.

On April 22, 2002, Georgia Gulf moved to dismiss the original complaint pursuant to FED. R. CIV. P. 12(b)(6). Georgia Gulf asserted that the complaint failed to state a cause of action under FCA's reverse-false-claims provision. Before ruling on the motion, the district court ordered that Bain first amend his complaint to plead with particularity the allegations of fraud underlying the FCA reverse false claim as required by Rule 9(b). Bain then filed an amended complaint on July 10, 2002, which both added allegations related to the § 3729(a)(7) reverse false claim and added a new direct false claim against Georgia Gulf. On September 3, 2002, the district court denied Georgia

Gulf's April 22, 2002, Rule 12(b)(6) motion to dismiss, ruling that Bain did state a reverse false claim under the FCA. The district court's ruling did not address the new direct false claim.

On October 25, 2002, the district court stayed its proceedings pending the outcome of an appeal before this court addressing the same issue challenged by Georgia Gulf's Rule 12(b)(6) motion for failure to state a reverse false claim.[1] The district court certified an interlocutory appeal on the Rule 12(b)(6) ruling and this court granted leave to appeal.

We concluded that the amended complaint did not state a reverse false claim under § 3729(a)(7) of the FCA and reversed the district court's ruling on the Rule 12(b)(6) motion to dismiss. Bain, 386 F.3d at 648. Because Georgia Gulf filed its motion to dismiss before Bain filed the amended complaint (with its new direct claim) the motion to dismiss related only to the reverse false claim asserted in the original complaint. Accordingly, we remanded Bain's new direct false claim to the district court. In doing so, we questioned whether in filing a new direct claim Bain had complied with § 3730(b)(2), which requires that the government be served with the complaint and

_____

[1] In United States, ex rel. John Doe v. Dow Chemical Co., 343 F.3d 325 (5th Cir. 2003), we affirmed dismissal on another ground and did not reach the question of whether the complaint stated a reverse false claim under the FCA.

written disclosure of all material evidence and information so that it may choose whether to intervene.

On remand, Georgia Gulf filed a motion for summary judgment on the remaining new direct false claim, challenging subject matter jurisdiction under the FCA and particularity of pleading under Rule 9(b). The district court granted summary judgment on June 22, 2005, specifically determining:

> (1) The Direct False Claim Act claim is a new claim.
>
> (2) The plaintiff has failed to comply with the specific provisions of the Act which require the plaintiff to file the claim under seal and to serve a copy of the complaint to the United States for its review. It is clear that the amended complaint was not filed under seal and the United States was never given an opportunity to consider the claim before it was made public by the plaintiff in clear contravention of the statute. It is also clear that the United States has not given the plaintiff permission to proceed with this suit.
>
> (3) The record also establishes that plaintiff's amended complaint is based at least in part on publicly disclosed information and prior litigation. It is clear that the plaintiff has failed to prove that he was an "original source" and that he voluntarily provided this information to the government before he filed this amended complaint.
>
> (4) Plaintiff has also failed to properly amend his complaint to specifically set forth the allegations of fraud as required by the Federal Rules of Civil Procedure.

3 R. 377-78, Opinion of the District Court (citations omitted).

4

Bain appealed the district court's ruling to this court. We dismissed the appeal as frivolous. Before the appeal was dismissed, Georgia Gulf filed a post-judgment motion with the district court seeking attorneys' fees under both 31 U.S.C. § 3730(d)(4) (the FCA fee-shifting provision) and 28 U.S.C. § 1927. The district court denied the motion for attorneys' fees relating to the original complaint but granted the motion under § 3730(d)(4) as to the amended complaint. In mediation, the parties stipulated that $65,000 was reasonable and attributable to the amended complaint. Bain, however, reserved the right to appeal Georgia Gulf's entitlement to attorneys' fees. Bain now timely appeals.

## II. STANDARD OF REVIEW

In our only previous review of a district court's award of attorneys' fees under § 3730(d)(4) of the FCA, we applied an abuse of discretion standard of review. Martel v. Maxxam Inc., 211 F.3d 584, 2000 WL 329354, at *1 (5th Cir. 2000) (per curiam) (unpublished table opinion). This standard of review is consistent with that employed by our sister circuits having occasion to consider an award of attorneys' fees under § 3730(d)(4). United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1058 (10th Cir. 2004); United States ex rel., Mikes v. Straus, 274 F.3d 687, 704 (2d Cir. 2001); see also United States ex rel. Chandler v. Cook Co., Ill., 277 F.3d 969,

5

976 (stating that the addition of § 3730(d)(4) to the FCA gives courts more discretion to regulate qui tam suits). The abuse of discretion standard is also consistent with our review of attorneys' fees under analogous circumstances. See, e.g., Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 566 (5th Cir. 2006) (reviewing Rule 11 sanctions for legally or factually frivolous filings under an abuse of discretion standard); Travelers Ins. Co. v. St. Jude Hosp. of Kenner, Inc., 38 F.3d 1414, 1417 (5th Cir. 1994) (applying abuse of discretion standard to award of attorneys' fees under 28 U.S.C. § 1927, which allows fees where an attorney's conduct unreasonably and vexatiously multiplies the proceedings); Alizadeh v. Safeway Stores, Inc., 910 F.2d 234, 237-38 (5th Cir. 1990) (applying abuse of discretion standard when reviewing award of attorneys' fees under 42 U.S.C. § 1988, which allows fees when plaintiff's suit is frivolous and unreasonable); EEOC v. First Ala. Bank, 595 F.2d 1050, 1056 (5th Cir. 1979) (applying abuse of discretion standard when reviewing award of attorneys' fees pursuant to Title VII, which allows fees when plaintiff's action is frivolous, unreasonable, or without foundation). Accordingly, we will review the district court's award of attorneys' fees to Georgia Gulf pursuant to § 3730(d)(4) of the FCA for abuse of discretion.

We are mindful that the district court is in the best position to render an informed judgment on an award of attorneys' fees as it is intimately involved with the case, the litigants,

6

and the attorneys.  Skidmore Energy, 455 F.3d at 566.
Accordingly, our review is deferential.  Under the abuse of
discretion standard, a district court's decision to award
attorneys' fees will not be disturbed unless the award is based
on (1) an erroneous view of the law or (2) a clearly erroneous
assessment of the evidence.  Id. at 566.

## III. DISCUSSION

Section 3730(d)(4) provides reasonable attorneys' fees to a
prevailing defendant in a qui tam action if the court "finds that
the claim of the person bringing the action was clearly
frivolous, clearly vexatious, or brought primarily for purposes
of harassment."  31 U.S.C. § 3730(d)(4).  Bain does not challenge
that Georgia Gulf is a prevailing defendant, nor does he
challenge the amount of the fees awarded.  The sole issue before
us is Georgia Gulf's entitlement to fees.

In its ruling, the district court determined that the record
"clearly established" that the "plaintiff's first amended
complaint was filed in a frivolous or vexatious manner."  3 R.
487, Ruling of District Court.  The court further determined that
"it is probable that the amended complaint was also filed to
harass the defendant considering the number of other claims the
plaintiff has filed against the defendant as set forth in the
record."  Id.  The court's ruling adopted its earlier findings
from its opinion granting summary judgment to Georgia Gulf.  The

7

ruling also separately summarized these findings, detailing that summary judgment previously was granted because Bain had added an "entirely new claim" in his amended complaint and had failed to (1) comply with the FCA's filing requirements, (2) establish that he was an "original source" for the information alleged as required by law, and (3) plead his allegations of fraud with particularity as required by Rule 9(b).

A claim is frivolous if it has no arguable support in existing law or any reasonably based suggestion for its extension. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). A claim is vexatious when the plaintiff brings the action for an improper purpose, such as to annoy or harass the defendant. Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1006 (9th Cir. 2002). Either of these grounds is independently sufficient to support an award of attorneys' fees under § 3730(d)(4). Mikes, 274 F.3d at 704-705.

The district court did not abuse its discretion in ruling that Bain's suit was frivolous or vexatious. When Bain filed his amended complaint, adding a new direct false claim, he failed to satisfy a number of jurisdictional and procedural prerequisites under the FCA. Under the proper circumstances, a single defect may merit a ruling on frivolousness or vexatiousness. Cf. Martel, 2000 WL 329354, at *2-3 (upholding ruling that suit was frivolous solely on basis that plaintiff knew he was not the original source of information). In this case, the district

court concluded that it lacked subject matter jurisdiction because Bain's amended complaint was "based at least in part on publicly disclosed information and prior litigation" and that Bain "had failed to prove he was an 'original source'" of the information.  3 R. 488.  Our previous rulings make clear that a FCA qui tam action is barred for lack of subject matter jurisdiction even where it is partly based upon publicly disclosed allegations or transactions.  Fed. Recovery Servs., Inc. v. Crescent City E.M.S., 72 F.3d 447, 450 (5th Cir. 1995).

The district court also concluded that Bain's new direct claim failed to comply with heightened pleading requirements for claims of fraud under the FCA as required by Rule 9(b).  Notably, the court's Rule 9(b) decision came after the court gave Bain clear notice of the heightened pleading requirements for FCA claims and allowed him the opportunity to amend his original complaint to plead his reverse false claim with particularity.  In his amended complaint, Bain added an entirely new direct claim, where he again failed to satisfy Rule 9(b).  Bain concedes that Rule 9(b) governs claims brought under the FCA.  Bain instead argues in vain that the court's later Rule 9(b) decision on summary judgment was a "hasty and unannounced" "complete reversal" of its earlier decision.  As our previous opinion made clear, however, the district court's earlier decision on Georgia Gulf's 12(b)(6) motion related only to the reverse false claim in

9

the original complaint and not the new direct false claim.  As such, Bain's protestations have no merit.

Taken together, Bain's overwhelming failure to establish subject matter jurisdiction and satisfy pleading requirements──even after the district court gave notice of heightened pleading requirements before the amended complaint was filed──leads us to conclude that the district court did not abuse its discretion in determining that Bain's suit was frivolous or vexatious.  Based on these defects, the court did not err in concluding that Bain's suit was without foundation and had no reasonable chance of success, or in the alternative, that the suit was filed for an improper purpose.[2]

## IV. CONCLUSION

For the foregoing reasons, the ruling of the district court is AFFIRMED.  Georgia Gulf's pending motions are DENIED.  Bain is cautioned, however, that any further filings in this court will likely result in sanctions.

---

[2] Because we decide that the district court did not abuse its discretion in concluding that the suit was frivolous or vexatious, we do not address the trial court's conclusion that it was probable that the suit was filed to harass the defendant.

10