932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Catherine McNALLY, Plaintiff-Appellant,
and
Daniel Fisher, Martin Fisher and William L. Fisher, Plaintiffs,
v.
June MACDONALD, Claire Kolar Sheridan, Sandra Silver,
Travelers Insurance Company, William Beluzo,
Pierre Deltenre, Carl Ingraham, and Paul
DuFault, Defendants-Appellees.
 No. 90-1423.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1991.
 
 BEFORE ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CARL B. RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's grant of summary judgment in favor of defendants in an action alleging Civil Rights Act violations under 42 U.S.C. Secs. 1983, 1985 and 1986, and Racketeer Influenced and Corrupt Organizations Act ("RICO") violations under 18 U.S.C. Sec. 1961 et seq. For the reasons that follow, we affirm the judgment of the district court.
 
 I.
 
 2
 This inheritance dispute began when Virginia Fisher passed away intestate in June 1986, survived by plaintiffs William Fisher (brother), Catherine McNally (sister), Daniel Fisher (nephew) and Martin Fisher (nephew); as well as by defendants Claire Sheridan and June MacDonald (sisters). The primary asset of Virginia Fisher's estate was an interest in a jointly held bank account at the Banque Bruxelles Lambert ("BBL") in Brussels, Belgium worth $300,000.00. That account was held by Virginia Fisher along with defendants June MacDonald and Claire Sheridan as joint tenants with rights of survivorship. In July 1986, June MacDonald and Claire Sheridan wrote to the BBL requesting it to close out the account and mail them the proceeds. The letter included the signature of the decedent, Virginia Fisher. According to June MacDonald, she signed Virginia Fisher's name because she thought it necessary in order to obtain the funds.
 
 
 3
 William Fisher filed a Petition for Commencement of Proceedings for the Estate of Virginia Fisher in the Oakland County Probate Court on September 9, 1986, and was appointed Temporary Personal Representative. His petition omitted his sister, June MacDonald, as an interested party. June MacDonald filed a competing petition for appointment on September 29, 1986. The probate judge appointed Sandra Silver, a County Public Administrator, as Personal Representative. William Fisher appealed and the Michigan Court of Appeals held that the probate court had not erred in appointing Silver. Fisher v. Silver, No. 96755, slip op. (Mich.App. Feb. 25, 1988).
 
 
 4
 About the same time that Sandra Silver was appointed, William Fisher successfully moved before the Tribunal of First Instance of Bruxelles to place the funds in the BBL bank account under receivership. Defendants successfully contested that action and, on April 8, 1987, the court lifted the receivorship. On February 18, 1988 the Commercial Tribunal of Bruxelles entered a default judgment directing BBL to transfer the funds to defendants. William Fisher initiated a third party intervention procedure against the default judgment and BBL filed a counterclaim against William Fisher seeking damages for the filing of a vexatious lawsuit. On October 13, 1988 the Commercial Tribunal of Brussels rejected the intervention procedure and granted BBL's motion for sanctions. On June 7, 1990, the Court of Appeals of Bruxelles upheld the order to release the joint account funds to defendants and sanctions against William Fisher.
 
 
 5
 Sandra Silver resigned as personal representative of the estate on June 8, 1988, following her appointment as a judge on the Oakland County Probate Court. William Fisher thereupon brought suit challenging the probate court's appointment of Patricia Donaldson as Second Successor Personal Representative. On December 12, 1988, the probate court denied the challenge and awarded sanctions to June MacDonald as a result of William Fisher's groundless opposition to the appointment. The order imposing sanctions is currently pending before the Michigan Court of Appeals.
 
 
 6
 Having failed to establish a claim to the funds in the litigation before the Michigan and Belgian courts, plaintiffs filed an action in federal district court on July 3, 1989 alleging civil rights and RICO violations against June MacDonald and Clair Sheridan, MacDonald's attorney William Beluzo, Sandra Silver, and others. Throughout the federal proceedings, William Fisher has occupied the dual role of pro se litigant and attorney for the other plaintiffs. On March 8, 1990, the district court granted defendants' motion for summary judgment. On April 10, 1990, the district court denied plaintiffs' motion for rehearing.
 
 
 7
 Plaintiffs' April 2, 1990 notice of appeal to this court listed "Catherine NcNally et al" as the sole appellant. On August 8, 1990, after the time for filing a notice of appeal had expired, plaintiffs submitted a "Motion re Notice of Appeal" which the Chief Clerk treated as a motion to amend the case caption to designate additional appellants. On August 21, 1990 we denied the motion, in reliance on Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988) and Minority Employees v. Tenn. Dep't of Employment Sec., 901 F.2d 1327 (6th Cir.), cert. denied, 111 S.Ct. 210 (1990) (failure to specify a party to an appeal is a jurisdictional defect). Therefore, it is clear that all plaintiffs except for Catherine McNally have waived their right to appeal.
 
 II.
 
 8
 We affirm for the reasons stated by the district court, finding that our decisions in Coogan v. Cincinnati Bar Ass'n, 431 F.2d 1209 (6th Cir.1970) and Tonti v. Petropoulous, 656 F.2d 212 (6th Cir.1981) are dispositive of the case. "The Civil Rights Act was not designed to be used as a substitute for the right of appeal, or to collaterally attack a final judgment of the highest court of a state and relitigate the issues which it decided." Coogan, 431 F.2d at 1211. "It is well settled that the federal courts have no probate jurisdiction.... Jurisdiction cannot be attained in the federal courts by the procedural device of filing an insubstantial action under Sec. 1983." Tonti, 656 F.2d at 215-16 (citations omitted).
 
 
 9
 From our review of the record in this case, it is apparent that William Fisher has invoked federal jurisdiction in an attempt to avoid the res judicata effect of the prior litigation in the Michigan and Belgian courts. William Fisher has never contended that the probate court lacked jurisdiction to determine the proper disposition of the BBL funds, or that it was otherwise unable to resolve his claims. Furthermore, even assuming lack of jurisdiction in the probate court, William Fisher has advanced no argument to support his position that we should deny preclusive effect to the Belgian court judgment. See Ingersoll Milling Mach. Co. v. Granger, 833 F.2d 680, 686-88 (7th Cir.1987) (holding that Belgian judgment was conclusive for res judicata purposes because the Belgian courts had jurisdiction over the dispute and had used procedures compatible with the requirements of due process).
 
 III.
 
 10
 Sanctions are appropriate in this case under Fed.R.App.P. 38, which provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." Dallo v. Immigration and Naturalization Serv., 765 F.2d 581, 589 (6th Cir.1985) (assessing double costs against petitioner and his counsel for repeated frivolous petitions for review of immigration decisions). Sanctions may be imposed under Rule 38 sua sponte. Hill v. Norfolk and Western Ry. Co., 814 F.2d 1192, 1200-01 (7th Cir.1987); Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir.1986). A hearing is not required because "[t]o require a hearing for the assessment of such damages and costs would impose on the opposing party and on the court an even greater burden in dealing with a frivolous appeal and entirely defeat the purpose of Rule 38." Toepfer v. Dept. of Transp., 792 F.2d 1102, 1103 (Fed.Cir.1986).
 
 
 11
 We sanction William Fisher in his capacity both as pro se litigant and as attorney for the appellant Catherine McNally. "[I]n an appropriate case Rule 38 alone permits sanctions against attorneys personally for taking a truly frivolous appeal on behalf of their client." Braley v. Campbell, 832 F.2d 1504, 1511 (10th Cir.1987). William Fisher appeared pro se in filing the notice of appeal to this court and in unsuccessfully seeking to amend the case caption to designate additional appellants besides Catherine McNally. "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d at 359. William Fisher appeared as the attorney for Catherine McNally in arguing the merits of the appeal. His chaotic appeal briefs presented utterly groundless arguments for reversal and did not even bother to address the cases relied upon by district court. See Olympia Co. Inc. v. Celotex Corp., 771 F.2d 888, 893-94 (5th Cir.1985), cert. denied, 110 S.Ct. 73 (1989) (granting expenses, attorneys' fees, and double costs where appellant's "ramblings briefs" contained "puzzling and exasperating" arguments which "made no attempt to address most of the issues raised in the district court's opinion.").
 
 
 12
 Accordingly, the district court's judgment is affirmed and, in addition to costs that may be taxed, we award as damages under Rule 38 the amount of $5,000.00 to Plunkett & Cooney, P.C. and $5,000.00 to Googasian, Hopkins, Hohauser & Forhan.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation