In re Charles P. CAUTHEN, Debtor.

Joseph KAUFHOLD, Jr., Mary L. Kaufhold Magee and Katherine M. Openshaw, Plaintiffs,

v.

Charles P. CAUTHEN, Velma Cauthen, Defendants.

Bankruptcy No. 92–46467–G5–7. Adv. No. 92–4654.

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 18, 1993.

Charles P. Cauthens pro se.

Laurence E. Boyd, Gilbert, Gilbert & Boyd, Angleton, TX, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

KAREN KENNEDY BROWN,
Bankruptcy Judge.

Before the Court is an Objection to Discharge, Complaint to Determine Dischargeability of Debts, Motion to Turn Over Assets of Estate, Motion for Rule 11 Sanctions, Original Complaint, Application for Injunction, and Objection to Dismissal filed by Joseph Kaufhold, Jr., Katherine Openshaw, and Mary Kaufhold Magee ("plaintiffs") against Velma and Charles Cauthen ("defendants"). Based on the following findings of fact and conclusions of law, the Court DENIES the debtor's discharge; determines that the amounts incurred by plaintiffs are not dischargeable; and GRANTS an injunction against the defendants as set forth below. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

### I. Background

The heart of this complaint is a dispute over possession to certain real estate (the "property") and the delays caused by the defendants prior to surrendering possession of the property to the plaintiffs. The plaintiffs and Velma Cauthen at one time were co-owners of a 51 acre tract. The plaintiffs were awarded a judgment of partition of the tract by a state court but the defendants refused to surrender possession of the property, plaintiff's portion of the tract, until after the filing of this complaint.

The defendants have over the course of several years prevented plaintiffs from obtaining possession of the property. On March 31, 1987, Charles Cauthen filed bankruptcy case no. 87–03052–G3–7 in which he received a discharge on August 17, 1987. On July 16, 1987, Thomas Cauthen, defendant's brother, filed bankruptcy under case no. 87–06879–H2–7. One asset of Thomas Cauthen's estate was his interest as heir in the probate estate of Louise McIver, who apparently had an interest in the property at issue. In that bankruptcy, plaintiff Kaufhold sought to purchase the estate's interest in the probate estate but was delayed by Charles Cauthen who proposed to pay a greater amount. Cauthen was allowed time to effectuate the purchase but did not do so. On February 25, 1992, Thomas Cauthen's bankruptcy trustee sold the interest to Kaufhold.

On October 2, 1990, in an attempt to cloud title to the property, Velma Cauthen conveyed minute interests in the subject tract to others. Thereafter, in November, 1990, plaintiffs filed a partition suit against Velma and Charles Cauthen seeking partition of the tract. A state judgment of partition was entered on March 17, 1992, awarding 49.14 acres of the tract to the plaintiffs and 1.99 acres to Velma Cauthen. The state court in this judgment further found that Velma and Charles Cauthen de-

layed the partition suit and awards costs against them in favor of the plaintiffs in the amount of $233.00, plus postjudgment interest at the rate of 10% per annum.

Thereafter, Velma Cauthen filed bankruptcy case no. 92–44273–G1–7, on May 11, 1992, in an admitted attempt to delay enforcement of the partition judgment. The following month, on June 15, 1992, plaintiffs sought relief from the automatic stay in order to take possession of the property but Velma Cauthen contested the motion, requiring a hearing. However, at the hearing on July 6, 1992, she withdrew her opposition and Charles Cauthen announced her intention to dismiss her bankruptcy. The Court recessed the case briefly for the parties to present an agreement. Nevertheless, Velma and Charles Cauthen then left the courthouse. The Cauthens were later notified that a hearing would recommence that afternoon but they again failed to appear. The order lifting the automatic stay was entered on July 13, 1992, but the following week the Cauthens moved for reconsideration of the order. On July 21, 1992, the Court dismissed Velma Cauthen's bankruptcy.

On July 30, 1992, a Brazoria County sheriff's deputy served the Cauthens with a writ for possession of the property. On that day Charles Cauthen filed the instant bankruptcy case with the admitted purpose of stopping the eviction process. Debtor has never paid his filing fee in this case and the case is therefore subject to dismissal. Similarly, debtor failed to attend his creditor's meeting which was set for September 2, 1992.

On August ·12, 1992, plaintiffs again moved for relief from the automatic stay to obtain possession of the property. On August 17, 1992, Charles Cauthen attempted to obtain a temporary restraining order from this Court against enforcement of the partition judgment. On that date he also sought a writ of mandamus against the judge in the partition suit and sued plaintiffs' attorneys and the bankruptcy trustee of the Thomas Cauthen bankruptcy in the district court of Harris County, Texas, complaining of ethical violations. This suit was removed to this Court and dismissed on October 6, 1992.

On August 20, 1992, this Court lifted the automatic stay to allow the plaintiffs to proceed with enforcement of the partition judgment. On September 4, 1992, Charles and Velma Cauthen finally surrendered possession of the property.

The Court finds that the instant bankruptcy case and the related pleadings filed therein were filed for the sole purpose of delaying the enforcement of the partition judgment. Each of these actions were meritless attempts by the Cauthens to retain the property, were designed to harass the plaintiffs, and were undertaken without any intention of proceeding further. From the time of the partition judgment debtor has acted with specific intent to injure the plaintiffs and to knowingly and wrongfully deprive them of possession of their property without just cause.

Plaintiffs claim they have incurred numerous forms of damages due to the defendants dilatory tactics in surrendering the property. The Court finds that plaintiffs have incurred $420.00 in surveyor fees incurred in preparation for the hearings on plaintiffs' motion for relief from stay necessitated by the Cauthens' bankruptcies. Plaintiffs have incurred $23,240.00 in legal fees plus $2,012.14 in legal expenses in responding to defendants' filings, including fees for this proceeding. Plaintiffs' costs awarded in the judgment of partition were incurred because of the Cauthens' dilatory tactics.

Plaintiffs also seek $637.00 for rent for the time defendants remained on the property after the partition judgment at $125 per month (March 17 to September 4, 1992). Plaintiffs seek exemplary damages for violation of Fed.R.Civ.P.Rule 11 plus prejudgment and postjudgment interest and court costs. Plaintiffs further seek an injunction against defendants to prevent further interference with plaintiffs' possession of the property.

## II. Discussion

### A. *Discharge*

■ Bankruptcy Code section 727 states: (a) The court shall grant the debtor a discharge, unless

. . . . .

(8) the debtor has been granted a discharge under this section, ... in a case commenced within six years before the date of the filing of the petition;

Since the instant case was filed within six years of the filing of debtor's prior bankruptcy in which he received a discharge, his discharge must be denied.

### B. *Dischargeability*

■ Plaintiffs claim that the expenses they have incurred and the amounts awarded to them under the judgment of partition are the result of the willful and malicious acts of the debtor and are not dischargeable under 11 U.S.C. section 523(a)(6). The term "willful and malicious" under 11 U.S.C. § 523(a)(6) means intentional without just cause or excuse. *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1983). An intentional deprivation of another person's property is sufficient to satisfy the maliciousness requirement. *In re Ricketts*, 40 B.R. 676, 678 (Bankr.Md.1984). The Court concludes that debtor's acts, done with specific intent to harm plaintiffs and to knowingly and wrongfully deprive them of possession of their property without just cause which gave rise to damages, create a debt which is non-dischargeable under 11 U.S.C. § 523(a)(6) as a willful and malicious injury caused by the debtor. Plaintiffs' damages in the amount of $233.00 plus postjudgment interest at the rate of 10% per annum from the time of the partition judgment, plus their remaining damages in the amount of $26,311.00, plus postjudgment interest as allowed by law, are nondischargeable under 11 U.S.C. § 523(a)(6).

### C. *Sanctions*

Fed.R.Civ.P.Rule 11 states:

... A party who is not represented by an attorney shall sign the party's pleading, motion or other paper and state the party's address ... The signature of ... a party constitutes a certificate by the signor that the signor has read the pleading, motion, or other paper; that to the best of the signor's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Federal Rules of Bankruptcy Procedure Rule 9011, applicable in bankruptcy cases, states:

(a) **Signature.** ... A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of ... a party constitutes a certificate that the ... party has read the document; that to the best of the ... party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case ... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

**154**

■ Since Rule 11 and Rule 9011 are substantially similar, cases interpreting Rule 11 guide the court in application of Rule 9011. *See eg. In re Case*, 937 F.2d 1014 (5th Cir.1991). These rules provide that a litigant certifies by signing his pleading that he has conducted a reasonable inquiry into the facts as well as the law that the document embodies and that the pleading is not interposed for purposes of delay, harassment or to increase the cost of litigation. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988). A pro se litigant who signs a pleading or other paper or affidavit is to be held to the same standards as any attorney. *Business Guides v. Chromatic Communications Ent.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).

■ Charles Cauthen was ineligible for a chapter 7 discharge at the time of the filing of the instant bankruptcy, he has not paid his filing fee, and he did not attend his creditor's meeting. He has taken advantage of the benefits of the delays caused by filing bankruptcy and has not abided by the duties imposed on a debtor. *See e.g.* 11 U.S.C. § 343. There exists no proper purpose for which debtor could have filed the instant bankruptcy. *Cf. United States v. Alexander*, 981 F.2d 250 (5th Cir.1993). Cauthen's bankruptcy petition states "Debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition." Debtor filed this pleading knowing that he was not eligible for relief under chapter 7, the chapter specified in the petition. Relief for an individual constitutes not only the opportunity for liquidation after appointment of a trustee but the possibility of obtaining a discharge.

Debtor's response to the motion for relief from stay filed by plaintiffs claims that plaintiffs have wrongfully attempted to evict him from his home. This claim is not well-grounded in fact or law because plaintiffs have acted in accordance with the judgment of partition granting them sole rights to the property. The Court finds that Cauthen's bankruptcy petition and response to motion for relief from stay are not well grounded in fact, are not warranted by existing law, and were filed for delay only. The Court concludes that debtor has violated Federal Rule of Bankruptcy Procedure Rule 9011.

■ The Fifth Circuit in *Thomas* provides a thorough analysis of the criteria to be considered by the trial court in determining the appropriateness of the imposition of sanctions in a particular case. The trial court is to assess the gravity of the conduct at issue and choose sanctions that foster the appropriate purpose of the rule depending upon the parties, the violation, and the nature of the case in light of the rule's goals of deterrence, punishment, and compensation. *Thomas*, 836 F.2d at 872, 877–79.

■ An injunction may be imposed against litigants for future filings to protect the courts and innocent parties if it is tailored to preserve the legitimate rights of litigants. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir.1986). "The court's power to enter such orders flows not only from various statutes and rules relating to sanctions but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Id.* An injunction against future filings should be specific and limited and relate only to the same claim against the same defendants or other parties. *Id.* The Court finds that an injunction is an appropriate sanction in this case in light of debtor's repeated attempts to unjustifiably deprive plaintiffs of their property and repeated filings of non-meritorious pleadings. Debtor Charles Cauthen is hereby enjoined from filing any bankruptcy petitions in violation of the law.

The Clerk is **ORDERED** to immediately transfer any bankruptcy cases subsequently filed by the Cauthens to the docket of the undersigned judge.

Plaintiffs are **ORDERED** to submit a judgment in accordance with the foregoing within ten days.