In re William Artie CARRUTH, Jr. and Dolores H. Carruth.

Civ. A. No. 93–0809.
Bankruptcy No. 89–80307.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Nov. 9, 1993.

Charles S Weems, III, Randall L. Wilmore, Gold Weems Bruser Sues & Rundell, Alexandria, LA, for appellant.

Wade N. Kelly, Carmouche Law Firm, Lake Charles, LA, for appellees.

*DECISION*

LITTLE, District Judge.

This appeal concerns the extent of a bankruptcy court's authority to sanction an attorney pursuant to Fed.R.Bankr.P. 9011. For the reasons that follow, this court concludes that the bankruptcy court exceeded its authority in the instant case and reverses the bankruptcy court's decision.

I.

Nancy Carruth Betts and her father, William A. Carruth, Jr. (collectively, the "debtors"), were co-obligors of a promissory note secured by property owned by Betts. In 1989 and 1990, respectively, Carruth and Betts filed bankruptcy petitions and were eventually discharged from personal liability on the note.

After the debtors' bankruptcy cases were closed, the bankruptcy court granted the note holder's ("Magnolia Bank" or "Magnolia") motion to proceed, by executory process, against the collateral and to serve the debtors with the pleadings in order to satisfy due process concerns. When the debtors received these pleadings, however, they responded—through counsel—by filing a motion for contempt and damages against Magnolia. The debtors alleged that Magnolia's

request for an appraisal in connection with the executory proceeding, coupled with the absence of a statement in the pleadings that no deficiency judgment was being sought against them, amounted to an *in personam* action against them in violation of the bankruptcy court's discharge order.

Magnolia opposed the debtors' motion, explaining that executory process is inherently an *in rem* action and that *a fortiori* it was not attempting to hold the debtors personally liable for a deficiency. After a hearing, the bankruptcy court agreed and denied all relief requested by the debtors. Despite dismissing the debtors' claims, however, the bankruptcy court proceeded, *sua sponte*, to sanction Magnolia's counsel. The bankruptcy court found that in preparing Magnolia's memorandum in opposition, Magnolia's counsel had failed to make a "reasonable inquiry" into the facts of the case as required by Fed.R.Bankr.P. 9011: Magnolia's memorandum stated that "to the best of counsel's knowledge" Betts had not filed bankruptcy; she had.

The bankruptcy court conceded that counsel's statement was both technically true[1] and completely irrelevant[2]; nonetheless, the court felt compelled to sanction Magnolia's counsel pursuant to Fed.R.Bankr.P. 9011. As such, the court ordered Magnolia's counsel to pay to the debtors' counsel a sum equal to the attorneys' fees the debtors incurred in bringing their motion for contempt and damages. Magnolia's counsel appealed.

II.

The question for decision is whether the bankruptcy court exceeded its authority in sanctioning Magnolia's counsel. The bankruptcy court's order is reviewed under the "abuse of discretion" standard. *See Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 872 (5th Cir.1988) ("abuse of discretion" standard used in reviewing sanctions imposed pursuant to Fed.R.Civ.P. 11); *see also In re Cauthen*, 152 B.R. 149 (Bankr.S.D.Tex.1993)

[1]. Magnolia's counsel had just taken over the case, and although his client's prior pleadings would have alerted him to Betts' bankruptcy, these materials were not provided in the initial interview.

[2]. Magnolia was seeking only an *in rem* remedy.

(cases interpreting Fed.R.Civ.P. 11 provide a guide for application of Fed.R.Bankr.P. 9011).

Pursuant to Fed.R.Bankr.P. 9011, the signature of an attorney on any motion or memorandum pending before the bankruptcy court constitutes a certificate that "to the best of·the attorney's ... knowledge, information and belief *formed after reasonable inquiry*," the document is "well grounded in fact." Fed.R.Bankr.P. 9011(a) (emphasis added). If a document is signed in violation of this rule, the court "shall impose ... an *appropriate* sanction." *Id.* (emphasis added).

■ Whether a reasonable inquiry into the facts has been made in a given case is dependant upon the particular facts. *Thomas,* 836 F.2d at 875. Various factors to consider in making this determination include: "the time available to the signer for investigation," "the attorney's reliance upon his client for factual support for the document," "the complexity of the factual and legal issues," and "whether the signing attorney accepted the case from another member of the bar or forwarding attorney." *Id.*

■ It is undisputed that Magnolia's counsel prepared the memorandum at issue solely from the information that his client provided in an initial interview. Based upon the claims at issue, however, further inquiry was unwarranted. As the bankruptcy court concluded, the debtors' claims for contempt and damages were wholly without merit. Magnolia had not violated the bankruptcy court's discharge order and had not proceeded against the debtors personally. A more accurate statement of the facts would not have altered this result. Clearly, the failure to check the public records concerning an immaterial detail is not sufficiently egregious to merit sanctions. *See Elliott v. M/V LOIS B,* 980 F.2d 1001, 1008 (5th Cir.1993) (reversing imposition of Rule 11 sanctions).

■ Furthermore, even if sanction were warranted, this court concludes that the bankruptcy court abused its discretion in awarding attorneys' fees to the debtors' counsel. Although the bankruptcy court is granted considerable latitude in determining the "appropriate" sanction to impose upon a violator of Rule 9011, the court must take care to impose the "least severe" sanction necessary to promote the purposes of Rule 9011. *Thomas,* 836 F.2d at 878 (goals of Rule 11 include deterrence, punishment, and compensation). In awarding attorneys' fees as sanction, the court must conclude that the fees assessed were both (i) caused by the violation of Rule 9011 and (ii) objectively reasonable. *See id.* at 878–79.

In the present case, it is unclear how the actions of Magnolia's counsel could have caused the debtors to incur attorneys' fees. Magnolia's counsel's alleged missteps were made in a reply to the debtors' ill-fated motion for contempt. The debtors' did not respond to this reply; no hearing was held on the issue of Rule 9011 sanctions. The bankruptcy court entered this sanction on its own motion, unassisted by counsel.

■ It is also unclear how the fees assessed against Magnolia's counsel could be termed "reasonable." *See id.* at 879 ("Reasonable" necessarily embraces an inquiry into the extent to which the nonviolator's expenses and fees were avoidable or self-imposed.). Immediately after receiving a copy of the debtors' motion for contempt and damages, Magnolia's counsel sent a letter to the debtors' counsel explaining the sound legal basis for Magnolia's actions and requesting that the debtors withdraw their motion. The debtors declined this invitation, choosing instead to argue their meritless motion and waste the resources of court and counsel. The fees incurred in arguing the debtors' contempt motion were thus clearly avoidable and unreasonably assessed against Magnolia's counsel.

### III.

In sum, the bankruptcy court abused its discretion in sanctioning Magnolia's counsel. Magnolia's counsel's acts were not sufficiently egregious to merit sanction. Moreover, even if sanctions were warranted, the bankruptcy court abused its discretion in ordering Magnolia's counsel to pay the debtors' attorneys' fees. The fees at issue were not caused by the alleged violation of Rule 9011 and were largely avoidable. Accordingly, the

decision of the bankruptcy court is RE-VERSED.