In re David J. and Carolyn J. SACCO, Debtors.

No. 96–43013.

United States Bankruptcy Court, E.D. Texas, Sherman Division.

April 23, 1999.

Richard Pelley, Sherman, TX, for debtor.

Andrew C. Olivo, Niermann & Olivo, Dallas, TX, for Sears.

## OPINION

DONALD R. SHARP, Chief Judge.

This contested proceeding began as a motion by Sears, Roebuck & Company entitled "Motion to Compel Compliance with 11 U.S.C. § 521(2) or Alternatively to Dismiss Case." All parties agree that Sears held a perfected purchase money security interest in miscellaneous consumer goods described in Debtors' schedules and in the referenced Motion. In the Motion, Sears alleged that Debtors had failed to disclose material facts in their bankruptcy schedules and failed to file a statement of intention required by 11 U.S.C. § 521(2)(A) specifying whether the consumer goods would be returned, the debt would be reaffirmed or the property would be redeemed. Also pertinent to this case, Sears alleged that Debtors had violated 11 U.S.C. § 521(2)(B) by failing to perform their intention as to the consumer goods within 45 days of the filing due date[1]. Sears asked that, if a hearing was necessary, that Debtor be ordered to comply within ten (10) days in default of which they ask that the case be dismissed with prejudice to refiling.

Debtor responded to the above Motion with a general denial and counterclaim for attorney fees in the amount of $750.00 for a bad faith filing and ask that the matter be set for trial. Pursuant to the customary practices of this Court, the matter was set for trial and at the hearing, Debtors' attorney introduced certified copies of the schedules complained of, the statement of intention required under 11 U.S.C. § 521, a motion to redeem property that had been filed and an order of the Court granting Debtors the right to redeem the consumer goods on which Sears held a security interest for the value of $1,000.00. Upon see-

ing this evidence, counsel for Sears withdrew the Motion in open court. Debtors' counsel proceeded on his counter-claim for attorney fees and presented evidence as to the time and effort expended in responding to the Motion filed by Sears. The question of the granting of attorney fees on the counterclaim was taken under advisement at the conclusion of the trial, and this opinion constitutes the Court's findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and disposes of all issues before the Court.

### Factual and Procedural Background

To properly understand this controversy, one must look at the history of this bankruptcy proceeding from its inception. The Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 1, 1996. Included with the petition, were all of the required schedules including the statement of intention required by 11 U.S.C. § 521. The record reveals that proper notice of the proceeding was served on Sears, Roebuck and Company and, no complaint as to service has been made by Sears. Following the filing of this bankruptcy proceeding, the customary actions were taken in that a trustee was appointed, a first meeting of creditors was scheduled and the matter proceeded with customary administration. The trustee determined that there would be no distribution since there were no non-exempt assets to liquidate and filed such a report in late December.

On January 13, 1997, exactly 74 days after filing, Debtors filed a Motion to Redeem the consumer goods at issue in this case for their alleged value of $1,000.00. This Motion was properly served on Sears and was placed in suspense in accordance with the usual practice of this Court to await a reply. No reply was filed by Sears within the 20 day period allowed for re-

---

1. The actual requirement is that the election be made within 30 days and the intention be carried out in another 45 days for a total of 75 days from the filing date.

sponses and in due course, on February 10, 1997, 28 days later the order was routinely granted. Debtors then submitted the $1,000.00 to Sears.

On February 11, 1997, Sears counsel, Andrew Olivo, filed the Motion Sub Judice as well as a Notice of Representation and Appearance with a demand that all future correspondence be directed to him or his law firm. He also filed a Motion to extend the bar date for filing adversary proceedings objecting to dischargeability at the same time.

The Motion to Compel was placed in suspense in accordance with the usual practices of this Court and within the requisite time Debtors' attorney filed his general denial and the matter was set for trial.

### Discussion

The sole issue in this case is whether Debtors' attorney, Richard Pelley, is entitled to $750.00 as attorney fees for responding to the Motion of Sears. Mr. Pelley explained in Court that he would not withdraw his request for attorney fees because this was the third action of this nature he was required to defend and he believed that he was entitled to attorney fees for responding to what he termed bad faith actions on the part of Sears. It was obvious that a dispute had continued for some time between Mr. Pelley, Sears and Sears counsel. Mr. Pelley's evidence was clear that the time and effort that he spent to gather the information to properly respond to the Motion filed by Sears and the necessity to appear in Court and defend the Motion required effort justifying $750.00 in attorney fees.

Sears argued that this was simply a case of miscommunication and that if Mr. Pelley had properly communicated with Sears' counsel to keep them apprised of what was going on in the case, he would not be before the Court since all of the matters complained of in his Motion had been taken care of. Sears' counsel asserted that if he had seen the documents placed into evidence prior to the hearing, he would have dismissed the Motion at that time.

The problem with the position of Sears counsel is that Debtors' counsel had done everything required of him under the Bankruptcy Code. He had filed the proper proceedings, had served them on Sears and they were all a matter of public record in the bankruptcy court. At the time that counsel filed his notice of representation, all of the documents that he claimed were missing had been a matter of public record for adequate time for him to have discovered them. The statement of intention was filed on November 1 and had been on file 102 days when Sears' Motion to Compel the filing of the document was filed. The Motion to Redeem property was filed on January 13 and had been on file 28 days and had already been granted at the time the Motion complaining that Debtor failed to accomplish his intention within the appropriate time period. Mr. Pelley correctly pointed out that he had no obligation to serve any documents on Sears' counsel until after February 11 when the notice of representation was placed of record. At that point, all of the documents at issue had already been properly served on Sears as required by the Bankruptcy Code.

Contrary to Sears and Sears' counsel's assertions that the problem was created by Mr. Pelley's failure to keep them apprised of activities in the case, the real problem was Sears' counsel's failure to make even a cursory examination of the records in this bankruptcy proceeding before he filed his Motion to Compel. The very thing that Sears complains of had been put directly at issue by the filing of the Motion to Redeem on February 13 and the serving of that Motion on Sears. Sears did not even respond to the Motion and allowed a default judgment to be entered. The inescapable conclusion is that Sears' counsel failed to make any inquiry and certainly not a reasonable inquiry into the facts of the case before he filed his Motion to Compel containing allegations of improper conduct on the part of Debtors

and Debtors' counsel. The Court must agree with Mr. Pelley that these actions constitute a bad faith filing on the part of Sears and its counsel.

■ Federal courts follow the American rule as to attorney fees and require each party in litigation to pay its own attorney fees. The exceptions are those instances where (1) a statute authorizes an award of attorney fees to the prevailing party, (2) a contractual provision authorizes the award of attorney fees to the prevailing party, (3) a litigant deliberately disobeys a court order, (4) a litigant has acted in bad faith, and (5) a litigant recovers a common fund for the benefit of others. *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The exception applicable to this case is the awarding of attorney fees for bad faith conduct in connection with the litigation. Bankruptcy courts have the inherent power to award sanctions for bad faith in any proceeding in bankruptcy court. *Matter of Case*, 937 F.2d 1014 (5th Cir.1991). In awarding attorney fees as a sanction, the Court must conclude that the fees assessed were both (1) caused by the bad faith action and (2) objectively reasonable. *In re Carruth*, 161 B.R. 170 (W.D.La.1993).

■ The actions of Sears and its counsel in this case were clearly not designed to litigate any meaningful issue in this case. There was no justification for Sears or its counsel's action presented to the Court and it is clear that Debtors' attorney spent valuable time preparing for and responding to the totally unfounded pleadings and allegations. Accordingly, the Court finds that Richard Pelley is entitled to judgment against Andrew Olivo and Sears, Roebuck and Company, jointly and severally for attorney fees in the amount of $750.00.