**Edward M. FARGUSON,
Plaintiff-Appellant,**

v.

**MBANK HOUSTON, N.A., et al.,
Defendants-Appellees.**

No. 86–2432.

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1986.

Edward M. Farguson, pro se.

J. Steven Jeffries, Houston, Tex., for MBank.

Albert J. Holly, Roy L. Wardell, Houston, Tex., for Lumbermen's, et al.

Charles A. Brown, Carol L. Kessler, Pasadena, Tex., for Fleet, et al.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Claiming fraud, breach of contract, usury, and RICO violations, Edward M. Farguson filed a *pro se* complaint against MBank Houston, N.A. and others. His complaint was dismissed with prejudice as "frivolous and irrational" by the District Court for the Southern District of Texas in Civil Action No. H–85–6556. Undaunted, Farguson filed the instant complaint against the same parties on the same claims, as augmented. A different judge of the same court dismissed the second complaint, imposed monetary sanctions under Fed.R. Civ.P. 11, and ordered that Farguson "refrain from instituting any further actions against any or all of the Defendants herein based on any matters set forth in his Complaint at bar lest he be ordered to appear and show cause why he should not be held in contempt of court." Farguson filed a notice of appeal and now applies for *in forma pauperis* status. We deny the IFP application, dismiss the appeal and impose further sanctions.

### Background

Farguson's claims have their genesis in a $23,450 loan MBank's predecessor made to Farguson, secured by a deed of trust on Farguson's home. The loan bore 7% interest. Farguson's complaint appears to reason that because MBank is required to keep cash reserves of only 5% of its total deposits, his loan is actually only a loan of 5% of the stated value. Farguson considers the remaining 95% to be illegally created artificial credits, equivalent to money, but not legally substitutable for cash. He also contends that the 7% interest charged is usurious.

### Trial Court Sanctions

This court has no desire to deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal. Positions thus taken cannot be considered as frivolous, although they may be unsuccessful and indeed may be given short shrift. But claims and defenses which fall outside of this broad umbrella may prove frivolous. So tested, Farguson's claims are manifestly and patently frivolous. *Southern Leasing Partners v. McMullan*, 801 F.2d 783 (5th Cir.1986); *Pin v. Texaco, Inc.*, 793 F.2d 1448 (5th Cir.1986). That his filings are *pro se* offers Farguson no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.

Although the first complaint was found to be frivolous and irrational, the district court dismissed with prejudice but without imposing sanctions. When Farguson persisted and refiled an embellished complaint against the same parties the district court acted within its range of discretion in imposing Fed.R.Civ.P. 11 sanctions.

The monetary sum imposed, $500 to each party brought before the court, was well within the court's range of authority. So too the further sanction, ordering Farguson to refrain from filing suit against these defendants on these claims. The injunction component of the sanctions imposed is a drastic remedy, but it is warranted in the present case.

In *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir.1986), we cautioned that where monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings would be considered. Our colleagues in the Second Circuit have reached the same conclusion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir.1984). As that court aptly noted, the injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants. The court's power to enter such orders flows not only from various statutes and rules relating to sanctions,[1] but the inherent power of the court to protect its jurisdiction and judgments and to control its docket.

The injunction imposed by the district court is specific and limited. It relates only to the same claims against the same defendants. Other claims or claims against other parties are not enjoined. And with the simple expedient of leave of court, claims against these same parties, which might be taken as similar, may be presented. Accordingly, while the order penalizes Farguson for abusive litigation, the injunction imposed by the district court serves only to effectuate its judgment and protect these named defendants from further litigation on claims which twice have been found to be frivolous.

In *Martin-Trigona*, a broader injunction, prohibiting any filings in any federal court without leave of that court, was upheld. In *Day*, we recognized that such a broad order may be appropriate if a litigant is engaging in a widespread practice of harassment against different people. While such generalized protection is not warranted in this case, we sound another warning to those who would misuse the courts that such sanctions are available for use.

### Sanctions on Appeal

■■■ We may impose sanctions on appeal, *sua sponte* if necessary. In the instant case such sanctions are warranted. *Stites v. Comm'r*, 793 F.2d 618 (5th Cir. 1986). We impose monetary sanctions against Farguson of $500, payable to the clerk of this court. In the setting as here presented, the monetary sanction is payable to our clerk for deposit into the Treasury of the United States. 28 U.S.C. § 711(c). As an additional non-monetary sanction, we further order that neither the clerk of this court, nor the clerk of any federal court over which we have jurisdiction, where Farguson has been ordered to pay sanctions, shall accept any further filings by Farguson until all monetary sanctions imposed have been paid in full and satisfactory proof thereof has been furnished. This court and the involved district courts may grant relief from this requirement in a proper case.

The application for IFP is DENIED and the appeal is DISMISSED.

---

**1.** The power to impose sanctions results from specific congressional grants and from court rules. Representative citations include: 5 U.S.C. § 552b(i); 15 U.S.C. § 4303; 21 U.S.C. §§ 455, 1034; 26 U.S.C. § 6673; 28 U.S.C. §§ 1912, 1927; 49 U.S.C. §§ 1686(e), 2014; Fed. R.App.P. 38; Fed.R.Civ.P. 11; Bankruptcy Rule 9011.