The **PILLSBURY COMPANY, Illinois Central Gulf Railroad Company, Burlington Northern Railroad Company, and Conagra, Inc., Plaintiffs–Appellees,**

v.

**MIDLAND ENTERPRISES, INC., and Orgulf Transport Company, Defendants–Appellants.**

No. 89–3444.

United States Court of Appeals, Fifth Circuit.

July 2, 1990.

Stephen M. Wiles, Fred E. Salley, Salley & Associates, New Orleans, La., for defendants-appellants.

John F. Fay, Jr., Elizabeth L. Rue, William E. O'Neil, O'Neil, Eichin, Miller & Breckinridge, New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, GEE, and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Midland Enterprises Inc. owns the M/V ROBERT N. STOUT, a tugboat in service on the Mississippi River. Appellant Orgulf Transport Company operates the STOUT. On October 28, 1986, the STOUT negligently released eleven fully loaded, unmanned river hopper barges on the river. One or more of the barges allided with mooring structures owned by appellees. Appellees sued and recovered a judgment against Midland and Orgulf jointly and severally in the amount of $284,709.92 together with interest and costs. 715 F.Supp. 738. Costs later were assessed at $10,450.80.

Midland and Orgulf appeal. We affirm the judgment of the district court as

**318**

"based on findings of fact which are not clearly erroneous." *See* Local Rule 47.6. We write only to address appellees' request for sanctions against appellants under Rule 38 of the Federal Rules of Appellate Procedure.

Appellants raised six issues in their appeal. Midland claimed that the district court erred in imposing liability on Midland, because Midland is only a bareboat owner of the STOUT. Midland, however, did not plead its claimed special status and introduced no evidence at trial that it was only a bareboat owner of the STOUT. Appellants also suggested that they owed no duty to avoid appellees' mooring structures because these structures were obstructions to navigation under the Rivers and Harbors Act, 33 U.S.C. § 403. Although this argument clearly was an affirmative defense, appellants did not raise the issue in the pretrial order and introduced no evidence supporting their allegation that the structures were unlawful.

Appellants next complained that the district court improperly awarded prejudgment interest because the damaged structures had not been repaired at the time of the trial and because there was a genuine dispute about liability. Appellant's argument was clearly contrary to this Court's prejudgment interest jurisprudence. *See e.g. Ryan Walsh Stevedoring Co. v. James Marine Services, Inc.,* 792 F.2d 489 (5th Cir.1986). Appellants further contended that the district court erred in awarding as an element of damages appellees' engineering expenses incurred in obtaining plans to rebuild the structures. It is clear from the record, however, that these expenses were not litigation expenses, but were properly included as cost of repair damages. Appellants also claimed the district court should have applied the Doctrine of Thirding instead of straight-line depreciation to reduce appellees' damages. This clearly is not the law. *See e.g., Freeport Sulphur Co. v. The S/S HERMOSA,* 526 F.2d 300 (5th Cir.1976).

Finally, appellants argued that the district court erred in refusing to accept their tender of payment of the judgment made under Rule 67 of the Federal Rules of Civil Procedure. Appellants sought reversal of the district court's refusal of their tender. Reversal on this point, however, would not have led to a reduction in the amount of accrued post-judgment interest. On this point, then, appellants sought only a nominal reversal that would not entitle them to any actual relief. Because appellants' complaint on this point was not a claim for actual relief, it should not have been brought before this Court.

"This court has no desire to deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986). We have held, however, that sanctions "are merited for a frivolous appeal the result of which is obvious from the comprehensive and decisive exposition of the law by the judge below." *Coghlan v. Starkey,* 852 F.2d 806, 810 (5th Cir.1988). The present case merits sanctions because appellants pressed claims that were dependent upon material facts that they failed to plead and prove below, because appellants argued positions directly contrary to existing law without addressing and urging a change in the existing law, and because appellants complained about district court actions for which they sought no actual remedy. We conclude that this was a frivolous appeal. We penalize appellants under F.R.A.P. Rule 38 because they have unjustifiably consumed the limited resources of the judicial system and this Court. They also needlessly put appellees to the expense of defending their judgment.

We remand the case to the district court for a determination of the attorneys' fees appellees have expended on this appeal. The district court shall then enter judgment ordering appellants to reimburse appellees for those fee expenditures. Double costs of the appeal also are assessed against appellants.

AFFIRMED AND REMANDED.

DOUBLE COSTS ASSESSED.