# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 91-KA-00520-SCT

*ARTHUR LEE IVY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/8/91 |
| TRIAL JUDGE: | HON. ROBERT W. BAILEY AND LARRY E. ROBERTS |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF LAUDERDALE COUNTY |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - CRIMINAL - FELONY |
| DISPOSITION: | PETITIONS DISMISSED; SANCTION IMPOSED - 1/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## OPINION AND ORDER ON PETITIONS FOR WRIT OF MANDAMUS

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on Petitions for Writ of Mandamus filed by Arthur Lee Ivy and directed at the Circuit Clerk of Lauderdale County and the Justice Court Clerk for Lauderdale County. Ivy complains that attempted in forma pauperis filings were rejected by the clerks. This Court, through its administrator, directed a response. A response has been filed by the circuit clerk and both circuit judges for Lauderdale County. The responses point out that Ivy has filed frequently with that court and the federal courts and has previously been sanctioned by this Court for a frivolous filing. *See **Ivy v. Merchant and Whaley***, 666 So. 2d 445 (Miss. 1995). They suggest that the filing is substantively frivolous and pray that the petitioner be restricted or barred from future filings in forma pauperis.

¶2. These petitions for mandamus may be dismissed because they have not been presented to the proper court. Petitions for writ of mandamus directed at a defendant other than a trial judge should

be filed with the circuit court. Miss. Code Ann. §§ 11-41-1 and -3. Thus we have another objectively frivolous filing by Ivy for which sanctions may be imposed. Because the subject of repeated frivolous filings continue to plague this Court and, to a much greater extent, the trial courts, we take this opportunity to speak further to the subject.

¶3. We begin by acknowledging that the determination whether a matter submitted for filing should be rejected is a judicial determination, not one for the clerk without benefit of a judicial order. Our trial courts are not without power to deal with frivolous filings. ***Blanks v. State***, 594 So. 2d 25 (Miss. 1992). Appropriate sanctions may be imposed upon pro se litigants. ***Ivy***, 666 So. 2d at 451; ***Dethlefs v. Beau Maison Development Corp.***, 511 So. 2d 112, 118 (Miss. 1987). These may take the form of monetary sanctions as well as appropriate restrictions on future filings. Such restrictions, however, must be appropriately tailored to redress the transgression found and to assure that valid claims will not be prohibited.

¶4. Nothing that we said in ***Roland v. State***, 666 So. 2d 747, 751 (Miss. 1995), was intended to inhibit trial courts in this regard. Our reference to the unique vantage point of this Court was directed at situations involving frequent filers in more than one court, in matters which find their way to this Court and our ability to imposed restrictions of a broader scope than the trial court. We did not intend to prohibit trial courts from entering appropriately restricted orders. *See* ***Goldgar v. Office of Administration***, 26 F. 3d 32, 35 (5th Cir. 1994) (affirming district court order requiring verification, additional information and further assurances with each filing); ***Vinson v. Heckman***, 940 F. 2d 114, 116-17 (5th Cir. 1991) (authorizing all trial and appellate courts to decline acceptance of filings without specific preauthorization from a judge of the forum court); ***Moody v. Miller***, 864 F. 2d 1178, 1179 n. 2 (5th Cir. 1989) (prohibiting filings in forma pauperis until previously imposed sanctions are paid); and, ***Farguson v. MBank Houston, N. A.***, 808 F. 2d 358 (5th Cir. 1986) (approving district court order enjoining further filings against specific defendants involving the same matter on pain of contempt).

¶5. In the case before the Court no order was entered by this Court or the trial court. Nevertheless, as the matter of mandamus is not properly before this Court,

IT IS HEREBY, ORDERED, that the petitions for writ of mandamus to the circuit and justice court clerks of Lauderdale County be and the same are dismissed; and

IT IS FURTHER, ORDERED, that this Court hereby imposes a sanction upon the petitioner Arthur Lee Ivy in the amount of $250 for having filed a frivolous petition in this Court; and

IT IS FURTHER, ORDERED, that the petitioner Arthur Lee Ivy is hereby prohibited from filing any matter in forma pauperis in any court of this state, without the prior permission of this Court, until he shall have paid the sanction here imposed.

SO ORDERED, this, the day of January 1997.

_____

**FRED L. BANKS, JR., JUSTICE**

**FOR THE COURT**

**MILLS, J., CONCURS IN RESULT ONLY.**