IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10032

Summary Calendar
_____


LAWRENCE D. KENEMORE, JR.
ATG ASSOCIATION (A Trust) ASSOCIATION
OF TRUST AND GUARANTEE A VOLUNTARY
UNINCORPORATED ASSOCIATION,

                                        Plaintiff-Appellant,


                    versus


THE STATE OF TEXAS,
STATE OF TEXAS ATTORNEY GENERAL'S OFFICE,
ANGELA MELINA RAAB, DAN MORALES,
JORGE VEGA AND DIANE BARLOW-SPARKMAN,

                                        Defendants-Appellees.

                * * * * * * * *

LAWRENCE D. KENEMORE, JR.
ATG ASSOCIATION (A Trust) ASSOCIATION
OF TRUST AND GUARANTEE A VOLUNTARY
UNINCORPORATED ASSOCIATION,

                                        Plaintiff-Appellant,


                    versus


JANE J. BOYLE, PETER WINN,
UNITED STATES OF AMERICA, YEARY
GRAND JURY, AND JOSEPH THOMAS


                                        Defendants-Appellees.

                _____

Appeal from the United States District Court
for the Northern District of Texas
(3:94 CV 2136 R)
                _____

(  August 31, 1995    )

Before HIGGINBOTHAM, DUHÉ, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lawrence D. Kenemore, Jr., an habitual pro se litigant, challenges the dismissal without prejudice of two related cases. We affirm.

In the first of the two cases at issue here, Kenemore sued the Attorney General of the State of Texas and other attorneys in the Attorney General's office. In the second case, he sued Magistrate Judge Jane Boyle, Assistant U.S. Attorney Peter Winn, IRS Agent Joseph Thomas, the United States, and a federal grand jury, challenging the propriety of certain grand jury proceedings. Originally, these two cases were consolidated. They were severed on October 23, 1994, a week before the dismissal order was entered.

We lack jurisdiction to entertain the appeal of the first of these two cases. Kenemore filed his notice of appeal on January 4, 1995, one day after the expiration of his 30-day time limit within which to appeal. Fed. R. App. P. 4(a)(1). See also Landry v. United States, No. 93-4351 at 17-18 (5th Cir. Mar. 29, 1994) (unpublished) (if consolidated cases are severed when an appealed order is entered, the 60-day time limit applies to the appeal of any formerly consolidated case in which the United States is a party, and the 30-day time limit applies to the appeal of any

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

formerly consolidated case in which the United States is not a party).

Kenemore had 60 days to appeal the second of these two cases because federal officers are parties to it. Fed. R. App. P. 4(a)(1). Because he met this deadline, we have jurisdiction over his appeal. The gist of Kenemore's appellate brief is that the district court lacked authority to order sanctions in its dismissal order. We disagree and affirm on the merits.

In its order dismissing this case without prejudice, the district court ordered that Kenemore be barred from filing any further actions in the Northern District of Texas unless (1) he deposits a thousand dollars with the court clerk as security for costs and any sanctions that he may incur, and (2) the court certifies, before Kenemore files any future action, that the action has "some arguable merit." (The court also directed the clerk's office to forward any new suits proffered by Kenemore to the court for review before the suits can be filed.)

The court based its sanction upon Kenemore's prodigious filing history. Incorporating by reference its memorandum opinions in other Kenemore actions, the court noted that Kenemore's string of litigation began when the Secretary of Labor sued Kenemore on August 30, 1994 to enforce an administrative subpoena. On the same day, Kenemore sued the Department of Labor and several of its attorneys who had sued him (Civil Action No. 94-1869). Over the next two months, Kenemore sued the IRS, the City of Arlington Police Department, and others (Civil Action No. 94-2058), Chief

3

Judge Barefoot Sanders (Civil Action No. 94-2227-R), Magistrate Judge Jane Boyle, and Assistant U.S. Attorney Timothy Hauser (Civil Action No. 94-2228-R). The court below dismissed several of these cases as frivolous, decisions we affirm today in Nos. 95-10054 and 95-10034. In light of these circumstances, the court's sanction was appropriate. See Pickens v. Lockheed Corp., 990 F.2d 1488, 1489 (5th Cir. 1993) (per curiam) (forbidding appellant from filing any further pleadings concerning transaction over which appellant had already brought a "series" of frivolous cases), cert. denied, 114 S. Ct. 689 (1994).

Kenemore also complains that because he is a pro se litigant, the court should be more indulgent with him. Yet pro se litigants like Kenemore who bring actions to "harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets" cannot avoid sanctions. Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

Kenemore further contends that the district court lacked the power to enter its order before defendants filed an answer. Yet the district court has authority to do this. The remainder of Kenemore's points are more nebulous. He lists them at the beginning of his brief,[1] but he never briefs them. We will not consider arguments not briefed. See United States v. Heacock, 31 F.3d 249, 258 (5th Cir. 1994).

---

[1] He contends that the district court was "practicing law from the bench," that it failed to "see specific U.S. Constitutional violations" in his complaint, that it erred in discussing in one order "two cases that are totally un-related," and that it "created a misjoinder of cases."

4

Accordingly, we DISMISS in part and AFFIRM in part.