IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60826
Summary Calendar

_____

HARRY W. VINSON; BRAD VINSON,

Plaintiffs-Appellants,

versus

DOROTHY COLOM; WILLIAM (BILL) BENSON,
His Agents and Assigns and His
Insurance Carrier, State Farm Fire
Casualty Co.; STATE FARM FIRE AND
CASUALTY COMPANY; FRED M. BUSH, JR.,
His Agents and Assigns and His
Insurance Carrier to be named after
discovery; KAY TRAPP, Her Agents and
Assigns and Her Insurance Carrier to
be named after discovery; PHELPS DUNBAR
LLP LAW FIRM, Their Agents and Assigns
and Their Insurance Carrier to be named
after discovery,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
USDC No. 1:99-CV-98-B-D

_____

July 27, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plaintiffs appeal the district court's Fed. R. Civ. P. 12(b)(6) dismissal of their civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985(3), as well as the district court's order requiring them to obtain prior permission before filing any other action in the district court. The plaintiffs' complaint alleged that the defendants conspired to deprive them of various constitutional rights by having Mississippi Chancery Court Judge Dorothy Colom appoint William Benson as conservator of Woodrow W. Vinson.

"Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their subject-matter jurisdiction." MCG, Inc. v. Great W. Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990). "The issue may be raised by parties, or by the court sua sponte, at any time." Id.

Federal district courts lack jurisdiction to engage in appellate review of state court judgments. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The constitutional issues presented in the plaintiffs' action are inextricably intertwined with the Chancery Court's order appointing Benson as Vinson's conservator. Accordingly, the plaintiffs' action constituted a request that the district court review a state court decision. See United States v. Shepherd, 23 F.3d 923, 924

2

(5th Cir. 1994). The district court's dismissal of the plaintiffs' complaint is therefore affirmed on the ground of lack of subject matter jurisdiction. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court of appeals may affirm district court's judgment on any basis supported by the record).

The district court did not abuse its discretion in requiring the plaintiffs to obtain prior permission before filing an action in the district court. Gelabert v. Lynaugh, 894 F.2d 746, 747-48 (1990). A district court may enjoin future filings in order to protect its jurisdiction and control its docket. Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986). Pro se litigants are not immune from the imposition of sanctions if they "harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Id. at 359.

This is the plaintiffs' second appeal from a district court dismissal of claims challenging an order issued in Mississippi Chancery Court Cause No. 96-0078/96-1110. See Vinson v. Colom, No. 99-60825 (5th Cir. June 16, 2000) (unpublished). The plaintiffs are warned that it is within this court's power under Fed. R. App. P. 38 to impose sanctions upon parties who take frivolous appeals. See Vinson v. Heckmann, 940 F.2d 114, 116 (5th Cir. 1991).

The plaintiffs are also warned that it is inappropriate to include derogatory personal comments about a district judge in

documents filed with this court.  Such comments, even by pro se plaintiffs, invite the striking of the documents in which they are contained.  <u>See</u> <u>Theriault v. Silber</u>, 574 F.2d 197 (5th Cir. 1978).

AFFIRMED; SANCTIONS WARNINGS ISSUED.