United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40330
Summary Calendar

_____

CAROLYN FOSTER; MURRELL FOSTER,

Plaintiffs-Appellants,

versus

T. JOHN WARD, An individual; BILLY FOX BRANSON,
An individual; DONALD W. CAPSHAW, An individual;
WILLIAM J. CORNELIUS, An individual; VALERIE
FARWELL, An individual; RAYMOND W. JORDAN, An
individual; BILL PEEK, An individual; LANNY
RAMSAY, An individual; MARGARET J. REEVES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-185

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carolyn and Murrell Foster appeal the dismissal of their 42
U.S.C. § 1983 suit pursuant to judicial immunity and FED. R. CIV. P.
41(b) and 12(b)(6). We dismiss the appeal as frivolous.

Judge Ward is absolutely immune from suit, and the Fosters'
argument that the district court misapplied the doctrine of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judicial immunity is without merit.[1]  We find no abuse of discretion in the district court's stay of discovery.[2] Finally, by failing to address in their opening brief the district court's Rule 41(b) and 12(b)(6) dismissal, the Fosters have abandoned the issue on appeal.[3]

This appeal is without arguable merit and is therefore dismissed.[4] The Fosters' brief contains numerous insulting references to the district judge and three members of this court who previously issued a ruling adverse to the Fosters.  The Fosters have already been cautioned that the use of abusive language in pleadings will not be tolerated.[5]  In light of the Fosters' continued use of their pleadings to launch frivolous attacks against members of the judiciary, we hereby impose monetary sanctions against the Fosters in the amount of $500, payable to the clerk of this court for deposit into the Treasury of the United

---

[1] *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986).

[2] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

[3] *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); FED. R. APP. P. 28(a)(9); *see also Taita Chemical Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 384 n.9 (5th Cir. 2001).

[4] *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[5] *See Foster v. Moye*, No. 02-41647 (5th Cir. June 24, 2003).

States in accordance with 28 U.S.C. § 711(c).[6]  The clerk of this court is instructed to refuse to accept any further filings from the Fosters in this or any other appeal until such monetary sanction is paid in full.[7]

APPEAL DISMISSED; SANCTIONS IMPOSED.

---

[6] *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

[7] *Id.*