United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-50099

RUSSELL NORMAN OLSTAD, JR.,

Plaintiff-Appellant,

versus

BRYAN COLLIER,
RISSIE OWENS,
JUANITA GONZALES

Defendants-Appellees.

Appeals from the United States District Court
for the Western District of Texas
(No. 1:05-CV-677)

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Russell Olstad challenges the constitutionality of the Texas parole statutes insofar as they applied to him, a challenge that stems from the Texas Parole Board's ("Board") denial of his parole in 2004. The district court, sua sponte, dismissed Olstad's suit for failure to state a claim. For the following reasons, we reverse.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Olstad is a Texas state prisoner serving a life sentence for a 1984 murder conviction, which he received as a result of a plea bargain. In 2004, Olstad became eligible for parole and was denied. He sued the Board under 42 U.S.C. § 1983, alleging that amendments to the Texas Parole statutes amounted to an ex post facto extension of his sentence. He attached to his complaint a state report and a separate article to support his argument that violent offenders were serving significantly more of their sentences now than they were around the time he was convicted.

The magistrate judge recommended that the district court dismiss the case for failure to state a claim on which relief can be granted because Olstad had not specified which changes in parole policy he was challenging. The magistrate judge also pointed out that Olstad had not sufficiently alleged an increase in sentence.

Olstad objected to the magistrate judge's report and requested further discovery, arguing that he could not make specific arguments regarding the Texas amendments or Board policies because they were not available in the prison law library. In his objections, he also argued that the Texas parole statutes had been amended 50 times since 1984, citing a statutory pocket part.

The district court overruled Olstad's objections, approved the magistrate judge's report, and dismissed Olstad's suit, denying his request for discovery as well. Olstad filed a FED. R.CIV. P. 60(b) motion to reconsider, arguing that he had just received new evidence from a Freedom of Information Act request. Olstad's 60(b) motion should be construed as a FED. R.CIV. P. 59(e) motion to reconsider because it was filed within 10 days of entry of judgment.[1] Olstad appeals the dismissal of

---

[1]Olstad initally filed a 60(b) motion because he believed that his motion would not be filed within 10 days of entry of judgment.

his suit and the denial of his motion to reconsider.

## II. STANDARD OF REVIEW

Dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are reviewed de novo. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Denials of FED. R. CIV. P. 59 motions are reviewed for abuse of discretion. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995).

## III. DISCUSSION

When reviewing a pro se plaintiff's complaint, courts must construe the plaintiff's allegations liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se status does not give plaintiffs a prerogative to file meritless claims. *See Farguson v. Mbank Houston*, *N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Under 28 U.S.C. § 1915(e), courts can sua sponte dismiss pro se suits if the claims are "frivolous or malicious." *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The magistrate judge's report, which the district court adopted, dismissed Olstad's suit on the basis that it was without merit, stating that he failed to "specify what changes in parole policies he is challenging" and that "[Olstad is] simply dissatisfied that violent offenders are being required to serve a greater percentage of their sentences before being released to parole." *Olstad v. Collier*, No. A-05-CA-677-LY (W.D. Tex. Sept. 12, 2005) (order recommending dismissal).

Dismissing Olstad's claim for failure to state a claim was an abuse of discretion. Under § 1915, Olstad did sufficiently allege a claim upon which relief could be granted. Section V of the Western District of Texas § 1983 form instructs plaintiffs to give in a "short and plain statement the facts of your case." Additionally, the same form provides, "You need not give any legal arguments

3

or cite any cases [or] statutes." In response, Olstad wrote "Each defendant has retroactively implemented or applied a law, rule or policy which did not exist at the time of Plaintiff's crime to substantially increase Plaintiff's risk of greater punishment or longer incarceration in violation of the Ex Post Facto Clause of the United States Constitution. More information is set forth in the pages attached to this complaint." *Id*.

Even if Olstad's claim was marginal, his reply was sufficient. In *Garner v. Jones*, 529 U.S. 244 (2000), the Supreme Court stated that the ex post facto inquiry for state parole statute challenges is highly fact intensive. "[T]he respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id*. at 255. Accordingly, Olstad attached statistics to his complaint, which purportedly supported his allegations that changes in the Texas parole statutes resulted in longer incarceration.

This court has encouraged the district courts to flesh out the conclusory statements in pro se pleadings, using interrogatories as well as evidentiary hearings to do so, prior to deciding whether the prisoner can state a claim to satisfy Rule 12(b)(6). *Green*, 788 F.2d at 1119. Section 1915 does not give pro se litigants free rein to file frivolous suits, s*ee Farguson*, 808 F.2d at 359; however, it is not always easy to determine whether a claim is frivolous simply by examining the pleadings. Prisoner complaints are notoriously difficult to decipher, and pro se pleadings must be construed liberally. *See Haines*, 404 U.S. at 520. "Unless the frivolousness of a claim is facially apparent, it is 'incumbent upon the court to develop the case and to sift the claims and known facts thoroughly until completely satisfied either of its merit or lack of same.'" *Green*, 788 F.2d at 1120 (quoting *Jones v. Bales*, 58 F.R.D. 453, 464 (N.D. Ga. 1972)), aff'd, 480 F.2d 805 (5th Cir. 1973).

4

Not only did the magistrate judge's report fail to construe Olstad's claim liberally, it was directly contradicted by his initial complaint. The report states that Olstad "does not appear to allege any such changes have adversely affected his punishment, i.e., they do not increase the length of the sentence" even though Olstad alleged in Section V of his initial complaint that "[e]ach defendant has retroactively implemented or applied a law . . . to substantially increase Plaintiff's risk of . . . longer incarceration . . . ."

Additionally, if Olstad's lack of specificity in regard to the Texas statutes was a basis for dismissal, the district court should have at least addressed his claims regarding the law library. The magistrate judge's report stated that Olstad failed to specify precisely which statutes he challenged even though Olstad stated in his initial complaint that the Texas statutes were "inaccessible." In his objections to the magistrate judge's report, Olstad elaborated, stating that the statutes were inaccessible because they were not in the prison library. We emphasize that to be entitled to relief, Olstad must prove, under Garner, that retroactively applied amendments to parole statutes or policies have caused a 'significant risk of prolonging [Olstad]'s incarceration.' 529 U.S. at 251. It is far from clear that Olstad can meet this burden; however, it was error to dismiss Olstad's appeal since he allegedly did not have access to the statutes and policies in question.

For the foregoing reasons, the judgment is vacated, and the case is remanded to the district court for proceedings not inconsistent with this opinion. In doing so, we express no opinion regarding the ultimate merits of the case.

## IV. CONCLUSION

We VACATE the dismissal and REMAND for further proceedings.