# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-10425
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REY DENZO KAZEMI

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-60-2

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rey Denzo Kazemi, federal prisoner # 21084-112, requests leave to proceed in forma pauperis (IFP) on appeal of the district court's order dismissing as frivolous his notices to the district court clerk requesting relief from payment of appellate filing fees and fees for certified copies of documents in his criminal case. The district court's order also dismissed as frivolous Kazemi's petition challenging the subject matter jurisdiction of the court over his criminal conviction. The district court denied Kazemi's IFP

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion and certified that the appeal was not taken in good faith. By moving for IFP, Kazemi is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 297, 202 (5th Cir. 1997).

Kazemi's assertion that a Congressional joint resolution renders monetary payment for goods and services against public policy is meritless. Additionally, Kazemi's petition challenging the jurisdiction of the district court is an unauthorized motion in the criminal proceedings, and his appeal from this motion is frivolous. See United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994); Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Kazemi also challenges the district court's order informing him that any further motions, notices, exhibits, and correspondence filed by him would be stricken. When read in context, the court's order bars the filing of future frivolous pleadings in Kazemi's criminal case. The district court is authorized to control its docket and may enjoin pro se litigants from meritless future filings. Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986). Kazemi has not established that the district court abused its discretion in imposing this bar under the circumstances of this case. See id.

The instant appeal is without arguable merit and is thus frivolous. Accordingly, Kazemi's request for IFP status is DENIED, and his appeal is DISMISSED. See Howard, 707 F.2d at 219-20; 5TH CIR. R. 42.2.