**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2011

Lyle W. Cayce
Clerk

No. 10-50433
Summary Calendar

CHASE HOME FINANCE, L.L.C.; JP MORGAN CHASE BANK N.A.; JP MORGAN CHASE & CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC,

Plaintiffs-Appellees

v.

WALTER LEE HALL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-1070

Before HIGGINBOTHAM, SMITH and HAYNES, Circuit Judges.

PER CURIAM:[*]

Walter Lee Hall, Jr. moves for leave to proceed in forma pauperis (IFP). The district court entered a final judgment in April 2008 that, inter alia, granted the plaintiffs a permanent injunction against Walter Lee Hall, Jr. Hall did not file a timely notice of appeal from that judgment. He did timely appeal the district court's denial of one of several postjudgment motions Hall filed seeking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to have that final judgment vacated. *See Chase Home Finance, LLC v. Hall*, 353 F. App'x 925, 925 (5th Cir. 2009). In November 2009, we denied Hall leave to proceed IFP on appeal, and we dismissed his appeal as frivolous. In March 2010, the plaintiffs moved for the release of the security bond they had posted when they sought a preliminary injunction against Hall. Hall filed a motion styled as arising under Rule 59(e) of the Federal Rules of Civil Procedure. He sought the vacation of the order releasing the plaintiff's security bond. The district court sua sponte struck Hall's motion and later denied Hall's request for leave to proceed IFP on appeal. Hall now wishes to appeal from the order releasing the security bond and the order striking his purported Rule 59(e) motion.

Much of Hall's argument concerns the validity of the final judgment in this case. That judgment is not now before us for review. The only argument Hall advances with respect to the denial of his Rule 59(e) motion is that the district court should not have released the plaintiffs' security bond without first holding a hearing. Rule 65(c) of the Federal Rules of Civil Procedure, which requires the posting of the security bond prior to the entry of a preliminary injunction, does not state that a hearing is required prior to the release of such a bond. Nor has Hall pointed us to any authority that specifically requires that such a hearing be held. We conclude that the district court did not abuse its discretion or otherwise err in granting the plaintiffs' motion for the release of their security bond. *See S.E.C. v. Gann*, 565 F.3d 932, 939 (5th Cir. 2009).

With respect to the order striking his Rule 59(e) motion, Hall argues that the district court could have simply denied the motion and that he should have received notice that his motion would be struck and an opportunity to respond. A review of the record supports the district court's finding that Hall has repeatedly and unsuccessfully challenged the district court's jurisdiction in this matter. The record also supports the district court's finding that Hall's challenge to its jurisdiction so long after the matter was concluded was frivolous and inappropriate. Hall's repeated attempts to obtain relief in an already closed case

establish harassment and abuse of the judicial process, and the court's order striking this one motion, which had no effect on the disposition of the case, was not an abuse of discretion. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

Hall has not shown that he will raise any nonfrivolous issues on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Accordingly, his motion for leave to proceed IFP is DENIED, and his APPEAL is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.