# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50024

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2019

Lyle W. Cayce
Clerk

BERNARD HENNEBERGER,

      Plaintiff - Appellant

v.

TICOM GEOMATICS, INCORPORATED;
SIX3 SYSTEMS, INCORPORATED;
CACI INTERNATIONAL, INCORPORATED; GTCR, L.L.C.;
MARK LEACH; DAVID FEUERSTEIN,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-134

Before JONES, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Pending before the court is a motion to dismiss this appeal as frivolous, award the moving defendants-appellees[1] costs in the amount of their attorney fees, and consider doubling such costs. Additionally, the defendants request

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Defendants Six3 Systems, Inc., CACI International, Inc., and GTCR, L.L.C. do not join this motion.

No. 19-50024

that Henneberger be barred from bringing a future case against them unless he is represented by counsel or obtains permission to proceed *pro se*. For reasons set forth below, we GRANT the defendants' motion for monetary sanctions and bar Henneberger from filing a lawsuit against these defendants in a court within our jurisdiction unless he first obtains permission from the court in which he seeks to proceed.

## BACKGROUND

This lawsuit represents Henneberger's third attempt to recover from an alleged breach of an oral contract. His first two attempts were made in Illinois and ended poorly. *See Henneberger v. Ticom Geomatics, Inc.*, 694 F. App'x. 419 (7th Cir. 2017); *Henneberger v. Ticom Geomatics, Inc.*, 602 F. App'x. 352 (7th Cir. 2015). Undeterred, Henneberger *pro se* filed suit in Texas state court, asserting that defendants Mark Leach and David Feuerstein promised him unspecified equity or proceeds from a future sale of Ticom Geomatics, Inc. ("TGI") in exchange for rights to intellectual property he allegedly created while employed by TGI. The defendants successfully removed the case to federal court. They then filed three separate motions to dismiss. They collectively filed a motion to dismiss for failure to state a claim, arguing that Henneberger's causes of action were barred by the applicable statutes of limitations. Six3 Systems, Inc., CACI International, Inc., and GTCR, L.L.C. filed a motion to dismiss for lack of personal jurisdiction. And GTCR filed a motion to dismiss for lack of subject matter jurisdiction. The district court granted each of these motions. Henneberger then appealed to this court.

## DISCUSSION

Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . award just damages and single or double costs to the appellee." FED. R. APP. P. 38. "An appeal is frivolous if the result is obvious

2

or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). Henneberger's appeal fits the description of frivolousness under Rule 38.[2] The arguments he advances come nowhere close to substantively addressing the district court's stated reasons for its decisions. Henneberger dedicates most of his brief to detailing unsubstantiated allegations raised in an entirely separate *qui tam* action. The only relevant argument he presses on appeal is that his claims are not time barred.[3] This argument, however, flies in the face of well-established law cited by the district court.

The district court concluded that because this is a diversity case, Texas law applies. The court then explained that under Texas law, Henneberger's causes of action were subject to either a two-year or four-year statute of limitations. Because Henneberger filed his complaint in Texas state court more than four years after his causes of action accrued, his claims were time barred. The district court further explained, in well-reasoned terms, why the Texas Savings Statute cannot be used to toll Henneberger's claims. That statute is only applicable if a plaintiff, in good faith, mistakenly files his lawsuit in a court lacking jurisdiction and then remedies this error by filing his lawsuit in a court of proper jurisdiction within sixty days of the first

---

[2] "That his filings are *pro se* offers [Henneberger] no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

[3] Henneberger also takes aim at the district court's orders dismissing his claims against Six3 Systems, CACI International, and GTCR for lack of personal jurisdiction and subject matter jurisdiction. Those orders, however, are of no relevance for purposes of resolving the defendants' Rule 38 motion. First, Six3 Systems, CACI International, and GTCR have not joined the Rule 38 motion. So we need not decide whether Henneberger's personal jurisdiction and subject matter jurisdiction arguments are frivolous. Second, Henneberger's lawsuit was independently dismissed for failure to state a claim upon which relief can be granted. Unless he proves otherwise, his appeal is doomed.

dismissal. TEX. CIV. PRAC. & REM. CODE § 16.064. The district court concluded that Henneberger failed to satisfy the second requirement.

On appeal, Henneberger does little to explain how the district court committed a reversible error. He offers the cursory statement that his current complaint "was filed within 60 days of the conclusion of the appeal of" his second lawsuit in Illinois and is thus timely. But the district court explained at length why this argument fails. And Henneberger has done nothing to contest this reasoning. He also fleetingly suggests that the doctrine of equitable tolling should apply given the "extraordinary circumstances" of this case. The "extraordinary circumstances" he references, however, have nothing to do with his ability to timely file this lawsuit. They instead relate to unsubstantiated allegations raised in an entirely separate *qui tam* action and have no bearing on our decision. Henneberger's last assertion is that his claims were timely under the Illinois Savings Statute. But he fails to explain why Illinois law is of any relevance in this diversity action.

Considering the frivolousness of Henneberger's appeal, Defendants TGI, Leach, and Feuerstein move under Rule 38 of the Federal Rules of Appellate Procedure for the court to dismiss Henneberger's appeal and award them costs in the amount of their attorney fees associated with defending this appeal. They also invite the court to consider doubling such costs and to limit Henneberger's ability to file additional *pro se* complaints against them.

Each of these sanctions is appropriate because Henneberger has demonstrated a continued pattern of filing frivolous, vexatious appeals that waste the defendants' and the court's resources. We accordingly dismiss this appeal, order Henneberger to pay attorneys' fees including an additional sanction, and enjoin him from bringing another lawsuit (regardless of whether Henneberger is represented by counsel or proceeding *pro se*) against these

defendants in any federal court over which we have jurisdiction without first obtaining permission from the court in which Henneberger seeks to file suit.

This last sanction is not specifically authorized by Rule 38 of the Federal Rules of Appellate Procedure. But this court has "inherent power to impose sanctions for abuse of the judicial process." *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010). We exercise that power here in a tailored manner that "protect[s] the courts and innocent parties, while preserving" Henneberger's rights. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986); *see also In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) ("Federal courts . . . have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651.").

We often would remand to the district court for the fixing of the monetary sanction. *See Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 468 (5th Cir. 1980). But the defendants have filed an affidavit of the hours expended in defense of this appeal, and both the hourly rate and time documented are reasonable. We therefore set the fee award at the sum of $15,000[4] and direct Henneberger to pay said amount to the moving defendants.

## CONCLUSION

The defendants' motion is **GRANTED** in full and the appeal is **DISMISSED**. Henneberger's pending motion for sanctions is **DENIED**.

---

[4] This amount represents the defendants' fees associated with defending this appeal— $10,370, plus an additional sanction.