DLD-011                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2020
_____

SANDRA RUMANEK,
                                Appellant

v.

SHERRY R. FALLON; DAVID G. CULLEY; TIMOTHY M. HOLLY; MARY I.
AKHIMIEN; MATTHEW F. BOYER; NICHOLAS W. WOODFIELD; BERNARD G.
CONAWAY; R. SCOTT OSWALD; SANDRA F. CLARK; JOSEPH J. RHOADES;
RICHARD R. COOCH; LOUIS J. RIZZO, JR.; CHARLES E. BUTLER; STATE OF
DELAWARE; SPILLAN, Delaware State Police Officer Spillan, IBM 770; MATT
DENN, Delaware Attorney General; SUSAN JUDGE; PATRICK O'HARE; ANNETTE
FURMAN; LISA AMATUCCI; ROBERT CRUIKSHANK

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00123)
District Judge:  Honorable Christopher C. Conner

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2022
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 4, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Sandra Rumanek appeals pro se from the District Court's order enjoining her from further filings in her long-closed case. Appellee Sherry R. Fallon has moved the Court to summarily affirm the District Court's order, and appellees Louis J. Rizzo, Jr., Sandra F. Clark, Timothy M. Holly, Mary L. Akhimien, and Matthew F. Boyer join her motion. For the following reasons, we grant the motion and will summarily affirm the District Court's order.

I.

More than a decade ago, Rumanek sued her former employer in federal court. United States Magistrate Judge Sherry R. Fallon presided over the case. Rumanek lost at trial, and we affirmed the judgment on appeal. Rumanek v. Indep. Sch. Mgmt., Inc., 619 F. App'x 71, 80 (3d Cir. 2015) (per curiam) (not precedential).

Rumanek later brought a pro se civil rights action against Judge Fallon and many others, alleging that they had engaged in a conspiracy to thwart her litigation efforts in federal and state court. The District Court permitted her to amend her complaint several times, but, after the sixth amended complaint, the District Court advised her that it would not entertain further attempts to amend and would strike any unauthorized filings. Rumanek nevertheless sought leave to file a seventh and then eighth amended complaint.[1] The District Court responded by striking both filings and twice admonishing

constitute binding precedent.

[1] She also filed a mandamus petition, which we denied. In re Rumanek, 740 F. App'x 20, 22–23 (3d Cir. 2018) (per curiam) (not precedential).

2

Rumanek that further violation of its prior order might warrant sanctions. Rumanek filed proposed ninth and tenth amended complaints. The District Court struck those filings, too. The court then granted then-pending dispositive defense motions and closed the case.[2]

Rumanek next filed proposed eleventh and twelfth amended complaints. The District Court entered an order denying her leave to amend, also observing that the case was closed and the motions meritless. The District Court advised Rumanek that it would not entertain any further filings other than nonfrivolous motions authorized by the Federal Rules of Civil Procedure. Rumanek filed additional unauthorized filings, and sought leave to file a thirteenth and then a fourteenth amended complaint.

As a result, the District Court entered an order enjoining her from any further filings in this action. We vacated that order, however, because the District Court had not given Rumanek the requisite notice and opportunity to respond to the proposed restrictions. We thus remanded the matter, noting that nothing in our opinion prevented the District Court from reimposing the same injunction, provided it gave Rumanek sufficient notice and opportunity to respond.

---

[2] Rumanek's appeals from the District Court's judgment and an earlier ruling were dismissed as untimely. Rumanek v. Fallon, C.A. No. 19-2290, Doc. 48 (3d Cir. Feb. 11, 2020) (order); Rumanek v. Fallon, C.A. No. 19-2289, Doc. 53 (3d Cir. Feb. 6, 2020) (order). Before that, we had denied Rumanek's second mandamus petition related to this case. In re Rumanek, 756 F. App'x 158, 160 (3d Cir. 2019) (per curiam) (not precedential).

Following remand, the District Court entered an order directing Rumanek to show cause why an injunction should not issue. In response, Rumanek continued to insist that she was entitled to amend her complaint. On May 20, 2022, the District Court entered an order again explaining to her that none of her filings are appropriate post-judgment motions and reimposing the filing injunction in this case. Rumanek appealed.[3] [4]

Appellee Judge Fallon now moves to summarily affirm the District Court's order. Appellees Louis J. Rizzo, Jr., Sandra F. Clark, Timothy M. Holly, Mary L. Akhimien, and Matthew F. Boyer join her motion.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See In re Packer Ave. Assoc., 884 F.2d 745, 746–47 (3d Cir. 1989). We may summarily affirm if the appeal fails to present a substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The filing injunction issued on May 20, 2022, complied with the applicable requirements. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (providing that

---

[3] We grant Rumanek's motion for leave to proceed in forma pauperis.

[4] Rumanek states in her notice of appeal that she also seeks review of "all previous orders in this matter." ECF No. 175, 1. We lack jurisdiction to review the District Court's previous orders, as the notice of appeal is not timely with respect to those orders. See Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal in civil case in which the United States is not a party must be filed within 30 days of the entry of the order or judgment being appealed); Bowles v. Russell, 551 U.S. 205, 214 (2007) (explaining that

4

when imposing a filing injunction: (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case). As we previously explained, the first requirement is plainly satisfied given Rumanek's clear disregard for the District Court's directives about permissible post-judgment filings in this case. Second, the District Court's show-cause order put her on notice that continued unauthorized filings would result in a filing injunction. Third, the injunction was tailored to address the circumstances here, as Rumanek continues to file various improper motions, letters, and other documents, and the injunction is limited to filings in this particular case. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986) (upholding injunction that related "only to the same claims against the same defendants" and did not prohibit "[o]ther claims or claims against other parties").

IV.

Accordingly, because this appeal presents no substantial question, we grant the motion for summary affirmance and will summarily affirm the District Court's order.

---

this time limit is mandatory and jurisdictional).