# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60469
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2024

Lyle W. Cayce
Clerk

In the Matter of Ikechukwu H. Okorie

*Debtor*,

Ikechukwu H. Okorie,

*Appellant*,

*versus*

Kimberly R. Lentz,

*Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:24-CV-51

———————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60469

In March 2024, a bankruptcy court imposed monetary sanctions and a pre-filing injunction against Appellant Ikechukwu Okorie, which the district court affirmed. He now appeals *pro se*. We AFFIRM.

"In reviewing the bankruptcy court's order, we apply the same standards of review as did the district court: the bankruptcy court's findings of fact are analyzed for clear error, and its conclusions of law are reviewed de novo." *In re Hickman*, 260 F.3d 400, 401 (5th Cir. 2001) "We review the bankruptcy court's imposition of sanctions for abuse of discretion." *In re Kendavis Holding Co.*, 249 F.3d 383, 385 (5th Cir. 2001) (citations omitted).

First, Okorie contends the record lacks clear and convincing evidence showing bad faith that would justify sanctions. Specifically, Okorie asserts he is being "punish[ed]. . . for prosecuting his cases, pursuing legal redress, and protecting his rights." We disagree. Okorie's arguments disregard the overwhelming evidence of bad faith identified by the bankruptcy court, including numerous frivolous filings and collateral attacks on court orders.

Second, Okorie argues that the pre-filing injunction denies his First Amendment right to petition the government for legal redress. We disagree. As the district court explained, the injunction was "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986); *see also Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) (quotation omitted) ("The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.").

Okorie next argues that the sanctions violated his due process right to a fair hearing. We again disagree. The district court correctly explained that Okorie's due process rights were protected by his opportunity to present objections at a hearing on the motion for sanctions.

No. 24-60469

Finally, Okorie claims there were "legitimate concerns" as to the district court's impartiality. We again disagree. Okorie's argument consists merely in asserting that he previously filed a motion for recusal and a complaint against the district court. Neither of those filings, however, calls into question the district court's impartiality. *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (citations omitted) (recusal is required "when a judge has a personal bias or prejudice against or in favor of a party" or "his impartiality might reasonably be questioned.").

AFFIRMED.