# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11614

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2019

Lyle W. Cayce
Clerk

MANETIRONY CLERVRAIN,

Plaintiff–Appellant,

v.

JOHN CORAWAY,

Defendant–Appellee.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-819

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Manetirony Clervrain, federal prisoner # 96396-004, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a civil rights complaint against the Director of the South Central Regional Office of the Bureau of Prisons (BOP), making general allegations that he was denied access to the courts, that the BOP and affiliated private prison facilities engaged in a practice of apartheid while employees participated in an ongoing criminal enterprise, and that the Immigration and Nationality Act (INA) is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional. The district court dismissed the action under 28 U.S.C. § 1915A(b) for failure to raise a claim upon which relief may be granted, based on Clervrain's failure to allege facts showing that the named defendant or any other individual was liable for any harm he suffered. The court also ruled that Clervrain's appeal was not taken in good faith in light of the reasons given in the order of dismissal.

By moving to proceed IFP, Clervrain is challenging the district court's good-faith certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24.

In his brief before this court, Clervrain continues to make vague allegations of harm, alleging that the district court had a duty to consider the merits of his claims before it could conclude that he had failed to state a claim for relief. A complaint will not proceed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). This court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks and citation omitted).

Clervrain has not shown that the district court erred in its denial of relief. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A civil rights action is not the appropriate vehicle for challenging the propriety of any order of removal in immigration proceedings. *See* 8 U.S.C. § 1252(a)(5). Although Clervrain contends that he has been denied access to the courts by deficiencies

in various prison law libraries and by restrictions on the amount of legal materials he may obtain, he has not shown that he has been rendered unable to pursue a *nonfrivolous* legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Clervrain has not specified the basis for his assertions that the BOP engages in apartheid or that BOP employees are participating in criminal actions, and any such arguments are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To the extent that Clervrain is arguing that his original pleading should have been construed as a motion for discovery in an open case in the Eastern District of Texas, such a contention is nonsensical. If he is challenging the district court's failure to order the transfer of this case and cases pending in other circuits to the Judicial Panel on Multidistrict Litigation, the court correctly concluded that it lacked jurisdiction to do so. *See* 28 U.S.C. § 1407(a), (c). Although Clervrain argues that the district court's order to amend his complaint was premature, the court was entitled to conduct a preliminary screening of his case and to order him to amend his complaint before dismissing the case for failure to state a claim. *See* § 1915A(b); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). To the extent that Clervrain may be asserting that the district court should not have dismissed his cause of action without providing him with another opportunity to amend, he had already had a chance to do so and had presented his "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Although Clervrain complains that the district court should have considered the numerous motions that he had filed in this case, the court did so by denying them in light of the dismissal of his complaint. The district court properly denied Clervrain's post-judgment motions. *See* FED. R. CIV. P. 60(b); *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Given the dismissal of

No. 18-11614

Clervrain's case and Clervrain's persistence in filing additional motions, the district court did not abuse its discretion by barring Clervrain from filing additional motions. *See Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002); *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Clervrain has not shown that the district court erred in dismissal of his claims. *See Iqbal*, 556 U.S. at 678; *Geiger*, 404 F.3d at 373. Therefore, he has not established that he will present a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Clervrain's complain for failure to state a claim upon which relief may be granted and this court's dismissal of the appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). In addition, Clervrain has accumulated at least one other strike. *See Clervrain v. Stone*, No. CV 318-028, 2018 WL 3939323, 1 (S.D. Ga. Aug. 16, 2018) (unpublished). Clervrain is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; BAR IMPOSED.